**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**Woburn**

**Civil Docket#2381CV00868**

I, Jessie Bernard, Deputy Assistant Clerk of the Superior Court, Within and for said County

of Middlesex, do certify that the annexed papers are true copies made by photographic process of

pleadings in **2381CV00868** entered in the Superior Court on the **27th** day of **March** in the year

of our Lord 2023.

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at

Woburn in said county, this **26th** day **of May**, in the year of our Lord **Two Thousand**

**Twenty-Three.**



Jessie Bernard
Deputy Assistant Clerk

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

**2381CV00868 Biscan, Parent Of Connor Biscan, Roberta et al vs. Town Of Wilmington et al**

| | |
|---|---|
| **CASE TYPE:** Actions Involving the State/Municipality | **FILE DATE:** 03/27/2023 |
| **ACTION CODE:** AB1 | **CASE TRACK:** A - Average |
| **DESCRIPTION:** Tortious Action involving the Commonwealth, Municipality, MBTA, etc. | |
| **CASE DISPOSITION DATE:** 05/26/2023 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 05/26/2023 |
| **CASE JUDGE:** | **CASE SESSION:** Civil H Rm 710 |

| PARTIES | | |
|---|---|---|

| | | |
|---|---|---|
| **Plaintiff**<br>Baptista, Aaron<br>132 Federal Street<br>Wilmington, MA 01887 | **Attorney**<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | 552732 |
| **Plaintiff**<br>Baptista, Jennifer<br>132 Federal Street<br>Wilmington, MA 01887 | **Attorney**<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | 552732 |
| **Plaintiff**<br>Baptista, As Parent Of Nathan Baptista, Jennifer<br>132 Federal Street<br>Wilmington, MA 01887 | **Attorney**<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | 552732 |
| **Plaintiff**<br>Biscan, Roberta<br>119 Grove Street<br>Wilmington, MA 01887 | **Attorney**<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | 552732 |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| | |
|---|---|
| **Plaintiff**<br>Biscan, Parent Of Connor Biscan,  Roberta<br>119 Grove Avenue<br>Wilmington, MA 01887 | **Attorney** 552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Chmiel,  Mark<br>51 Pearl Street<br>Ayer, MA 01432 | **Attorney** 552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Clark, III,  Clifton<br>4 Fall Street<br>Wilmington, MA 01887 | **Attorney** 552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Doucette As Parent Of Antonino Lofaro,  Nicolette<br>3213 Avalon Drive<br>Wilmington, MA 01887 | **Attorney** 552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Doucette,  Nicolette<br>3213 Avalon Drive<br>Wilmington, MA 01887 | **Attorney** 552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| | |
|---|---|
| **Plaintiff**<br>Fucile As Parent Of Ridley Fucile,  Sabrina<br>1401 Pouliot Place<br>Wilmington, MA 01887 | **Attorney**                                    552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Fucile,  Allen<br>1401 Pouliot Place<br>Wilmington, MA 01887 | **Attorney**                                    552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Fucile,  Sabrina<br>1401 Pouliot Place<br>Wilmington, MA 01887 | **Attorney**                                    552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Lavorato,  Colleen<br>5 Ox Bow Drive<br>Wilmington, MA 01887 | **Attorney**                                    552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Lavorato,  Joseph<br>5 Oxbow Drive<br>Wilmington, MA 01887 | **Attorney**                                    552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| **Plaintiff**<br>Lofaro, Rosario<br>3213 Avalon Drive<br>Wilmington, MA 01887 | **Attorney**<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | 552732 |
|---|---|---|
| **Plaintiff**<br>Luti, Jeannettte<br>108 Woburn Street<br>Wilmington, MA 01887 | **Attorney**<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | 552732 |
| **Plaintiff**<br>Luti, Richard<br>108 Woburn Street<br>Wilmington, MA 01887 | **Attorney**<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | 552732 |
| **Plaintiff**<br>Luti, Guardian Of John Luti,  Jeannette<br>108 Woburn Street<br>Wilmington, MA 01887 | **Attorney**<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | 552732 |
| **Plaintiff**<br>Marsh, Kathryn<br>7 Shaker<br>Shirley, MA 01464 | **Attorney**<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | 552732 |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| | |
|---|---|
| **Plaintiff**<br>Marsh, As Parent Of Riley Chmiel,  Kathryn<br>7 Shaker Road<br>Shirley, MA 01464 | **Attorney**                                                552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Mellstrom As Parent Of Clifton Clark, Iv,  Erika<br>4 Fall Street<br>Wilmington, MA 01887 | **Attorney**                                                552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Mellstrom,  Erika<br>4 Fall Street<br>Wilmington, MA 01887 | **Attorney**                                                552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Nichols As Parent Of Gabriel Santry,  Cassandra<br>2 Middlesex Avenue<br>Swampscott, MA 01907 | **Attorney**                                                552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |
| **Plaintiff**<br>Nichols,  Cassandra<br>2 Middlesex Avenue<br>Swampscott, MA 01907 | **Attorney**                                                552732<br>Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| **Plaintiff** | **Attorney** | 552732 |
|---|---|---|
| Veloza As Parent Of Robert Condell, Sabrina<br>5 Towpath Drive<br>Wilmington, MA 01887 | Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | |
| **Plaintiff** | **Attorney** | 552732 |
| Veloza, Sabrina<br>5 Towpath Drive<br>Wilmington, MA 01887 | Richard Matthew Welsh<br>Kahalas Law Office<br>Kahalas Law Office<br>6 Beacon St<br>Suite 1020<br>Boston, MA 02108<br>Work Phone (617) 523-1155<br>Added Date: 03/25/2023 | |
| **Defendant** | **Private Counsel** | 632617 |
| Brand, Glenn | Adam Simms<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 | |
| | **Private Counsel** | 697232 |
| | Justin Amos<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 | |
| | **Private Counsel** | 710250 |
| | Colleen M Howard<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 | |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| | |
|---|---|
| **Defendant**<br>Brown-Legend, Alice<br>65 Sandalwood Circle<br>Tewksbury, MA 01876 | **Private Counsel**                                    632617<br>Adam Simms<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 |
| | **Private Counsel**                                    697232<br>Justin Amos<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 |
| | **Private Counsel**                                    710250<br>Colleen M Howard<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 |
| **Defendant**<br>Cummings, Kimberly<br>24 Miller Road<br>Wilmington, MA 01887 | |
| **Defendant**<br>Fitzgerald, Victoria<br>6 Chandler Road<br>Wilmington, MA 01887 | |
| **Defendant**<br>Foggerty, Kelly | |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| **Defendant** | **Private Counsel** | 632617 |
| King,  Charlotte | Adam Simms | |
| | Pierce Davis and Perritano LLP | |
| | Pierce Davis and Perritano LLP | |
| | 10 Post Off Square | |
| | Suite 1100N | |
| | Boston, MA 02109 | |
| | Work Phone (617) 350-0950 | |
| | Added Date: 05/24/2023 | |
| | **Private Counsel** | 697232 |
| | Justin Amos | |
| | Pierce Davis and Perritano LLP | |
| | Pierce Davis and Perritano LLP | |
| | 10 Post Off Square | |
| | Suite 1100N | |
| | Boston, MA 02109 | |
| | Work Phone (617) 350-0950 | |
| | Added Date: 05/24/2023 | |
| | **Private Counsel** | 710250 |
| | Colleen M Howard | |
| | Pierce Davis and Perritano LLP | |
| | Pierce Davis and Perritano LLP | |
| | 10 Post Off Square | |
| | Suite 1100N | |
| | Boston, MA 02109 | |
| | Work Phone (617) 350-0950 | |
| | Added Date: 05/24/2023 | |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| **Defendant**<br>Ruggiero, Paul | **Private Counsel** 632617<br>Adam Simms<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 |
|---|---|
| | **Private Counsel** 697232<br>Justin Amos<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 |
| | **Private Counsel** 710250<br>Colleen M Howard<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 |
| **Defendant**<br>Talbot, Jessica | **Private Counsel** 643835<br>Christopher P Cifra<br>Cifra Dougan, LLP<br>Cifra Dougan, LLP<br>One Mountain Rd<br>Burlington, MA 01803<br>Work Phone (617) 939-9529<br>Added Date: 05/24/2023 |

CRTR2709-CR


**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| **Defendant**<br>Town Of Wilmington<br>121 Glen Road<br>Wilmington, MA 01887 | **Private Counsel**<br>Adam Simms<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 | 632617 |
|---|---|---|
| | **Private Counsel**<br>Justin Amos<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 | 697232 |
| | **Private Counsel**<br>Colleen M Howard<br>Pierce Davis and Perritano LLP<br>Pierce Davis and Perritano LLP<br>10 Post Off Square<br>Suite 1100N<br>Boston, MA 02109<br>Work Phone (617) 350-0950<br>Added Date: 05/24/2023 | 710250 |

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 03/25/2023 | Civil Filing Fee (per Plaintiff) | 6,240.00 | 6,240.00 | 0.00 | 0.00 |
| 03/25/2023 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b | 45.00 | 45.00 | 0.00 | 0.00 |
| 03/27/2023 | Civil Filing Fee (per Plaintiff) | 240.00 | 240.00 | 0.00 | 0.00 |
| 03/27/2023 | Civil Security Fee (G.L. c. 262, § 4A) | 20.00 | 20.00 | 0.00 | 0.00 |
| 03/27/2023 | Civil Surcharge (G.L. c. 262, § 4C) | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **6,560.00** | **6,560.00** | **0.00** | **0.00** |



CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 03/25/2023 | | Case assigned to:<br>DCM Track A - Average was added on 03/25/2023 | |
| 03/25/2023 | 1 | Complaint electronically filed. | |
| 03/25/2023 | 2 | Civil action cover sheet filed. | |
| 03/27/2023 | | Demand for jury trial entered. | |
| 03/27/2023 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney:  Richard Matthew Welsh, Jr., Esq.<br>rwelsh@kahalaslaw.com | |
| 05/24/2023 | | Attorney appearance<br>On this date Christopher P Cifra, Esq. added as Private Counsel for<br>Defendant Jessica Talbot | |
| 05/24/2023 | | Attorney appearance<br>On this date Adam Simms, Esq. added as Private Counsel for Defendant<br>Town Of Wilmington | |
| 05/24/2023 | | Attorney appearance<br>On this date Adam Simms, Esq. added as Private Counsel for Defendant<br>Alice Brown-Legend | |
| 05/24/2023 | | Attorney appearance<br>On this date Adam Simms, Esq. added as Private Counsel for Defendant<br>Paul Ruggiero | |
| 05/24/2023 | | Attorney appearance<br>On this date Adam Simms, Esq. added as Private Counsel for Defendant<br>Charlotte King | |
| 05/24/2023 | | Attorney appearance<br>On this date Adam Simms, Esq. added as Private Counsel for Defendant<br>Glenn Brand | |
| 05/24/2023 | 3 | Service Returned for<br>Defendant Talbot, Jessica: Service accepted by counsel;<br><br>Accepted by Christopher P. Cifra, Esq., on 5/23/23 at 1 Mountain Rd.,<br>Burlington, MA 01803. | |
| 05/24/2023 | 4 | Service Returned for<br>Defendant Town Of Wilmington: Service accepted by counsel;<br><br>Accepted by Adam Simms, Esq., on 5/19/23 at 10 Post Office Square, Ste.<br>1100N, Boston, MA 02109. | |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
Docket Report

| | |
|---|---|
| 05/24/2023 | Service Returned for<br>Defendant Brown-Legend, Alice: Service accepted by counsel;<br><br>Accepted by Adam Simms, Esq., on 5/19/23 at 10 Post Office Square, Ste. 1100N, Boston, MA 02109.<br><br>SEE P#4 FOR SCAN. |
| 05/24/2023 | Service Returned for<br>Defendant Ruggiero, Paul: Service accepted by counsel;<br><br>Accepted by Adam Simms, Esq., on 5/19/23 at 10 Post Office Square, Ste. 1100N, Boston, MA 02109.<br><br>SEE P#4 FOR SCAN. |
| 05/24/2023 | Service Returned for<br>Defendant King, Charlotte: Service accepted by counsel;<br><br>Accepted by Adam Simms, Esq., on 5/19/23 at 10 Post Office Square, Ste. 1100N, Boston, MA 02109.<br><br>SEE P#4 FOR SCAN. |
| 05/24/2023 | Service Returned for<br>Defendant Brand, Glenn: Service accepted by counsel;<br><br>Accepted by Adam Simms, Esq., on 5/19/23 at 10 Post Office Square, Ste. 1100N, Boston, MA 02109.<br><br>SEE P#4 FOR SCAN. |
| 05/24/2023 | Attorney appearance<br>On this date Justin Amos, Esq. added as Private Counsel for Defendant Town Of Wilmington |
| 05/24/2023 | Attorney appearance<br>On this date Colleen M Howard, Esq. added as Private Counsel for Defendant Town Of Wilmington |
| 05/24/2023 | Attorney appearance<br>On this date Justin Amos, Esq. added as Private Counsel for Defendant Alice Brown-Legend |
| 05/24/2023 | Attorney appearance<br>On this date Colleen M Howard, Esq. added as Private Counsel for Defendant Alice Brown-Legend |
| 05/24/2023 | Attorney appearance<br>On this date Justin Amos, Esq. added as Private Counsel for Defendant Charlotte King |
| 05/24/2023 | Attorney appearance<br>On this date Colleen M Howard, Esq. added as Private Counsel for Defendant Charlotte King |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| 05/24/2023 | | Attorney appearance<br>On this date Justin Amos, Esq. added as Private Counsel for Defendant<br>Glenn Brand |
|---|---|---|
| 05/24/2023 | | Attorney appearance<br>On this date Colleen M Howard, Esq. added as Private Counsel for Defendant<br>Glenn Brand |
| 05/24/2023 | | Attorney appearance<br>On this date Justin Amos, Esq. added as Private Counsel for Defendant Paul<br>Ruggiero |
| 05/24/2023 | | Attorney appearance<br>On this date Colleen M Howard, Esq. added as Private Counsel for Defendant<br>Paul Ruggiero |
| 05/24/2023 | 5 | Service Returned for<br>Defendant Fitzgerald, Victoria: Service made at last and usual;<br><br>on 5/2/23 at 6 Chandler Rd., Wilmington, MA 01887 |
| 05/24/2023 | 6 | Service Returned for<br>Defendant Cummings, Kimberly: Service made at last and usual;<br><br>on 5/2/23 at 24 Miller Rd., Wilmington, MA 01887. |
| 05/26/2023 | 7 | Defendants Town Of Wilmington, Alice Brown-Legend, Paul Ruggiero,<br>Charlotte King, Glenn Brand's Notice of<br>Filing of Notice of Removal (w/ Exhibits). |
| 05/26/2023 | | Case transferred to another court. |

**MIDDLESEX, ss.**   *Commonwealth of Massachusetts*
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this 26th day of May 2023.

**Deputy Assistant Clerk**

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO. 23- 868 H

ROBERTA BISCAN, INDIVIDUALLY
AND AS PARENT OF CONNOR BISCAN

JENNIFER BAPTISTA AND AARON BAPTISTA, INDIVIDUALLY
AND AS PARENTS OF NATHAN BAPTISTA

SABRINA VELOZA, INDIVIDUALLY
AND AS PARENT OF ROBERT CONDELL

KATHRYN MARSH AND MARK CHMIEL, INDIVIDUALLY
AND AS PARENTS OF RILEY CHMIEL

COLLEEN LAVORATO AND JOSEPH LAVORATO, INDIVIDUALLY
AND AS PARENTS OF CHLOE LAVORATO

NICOLETTE DOUCETTE AND ROSARIO LOFARO, INDIVIDUALLY
AND AS PARENTS ANTONINO LOFARO

JEANNETTE LUTI AND RICHARD LUTI, INDIVIDUALLY
AND AS PARENTS OF JOHN LUTI

CASSANDRA NICHOLS, INDIVIDUALLY
AND AS PARENT OF GABRIEL SANTRY,

ERIKA MELLSTROM and CLIFTON CLARK, III, INDIVIDUALLY
AND AS PARENTS OF CLIFTON CLARK, IV

SABRINA FUCILE and ALLEN FUCILE, INDIVIDUALLY
AND AS PARENTS OF RIDLEY FUCILE
        **Plaintiffs**

**vs.**

TOWN OF WILMINGTON,
KIMBERLY CUMMINGS, VICTORIA FITZGERALD, JESSICA TALBOT,
KELLY FOGGERTY, ALICE BROWN-LEGRAND, PAUL RUGGIERO,
CHARLOTTE KING AND GLENN BRAND
        **Defendants**

## COMPLAINT AND DEMAND FOR JURY

### INTRODUCTION

1.      This action, against the TOWN OF WILMINGTON, KIMBERLY CUMMINGS, VICTORIA FITZGERALD, JESSICA TALBOT, KELLY FOGGERTY, ALICE BROWN-LEGRAND, PAUL RUGGIERO, CHARLOTTE KING, and GLENN BRAND, arises out of multiple incidents in which each of the plaintiffs, all of whom are severely disabled students, were physically and mentally abused while attending school in the Wilmington public schools. Plaintiffs seek relief through various federal, constitutional, and common law tort claims.

### PARTIES

2.      Plaintiff, CONNOR BISCAN, a minor, by ROBERTA BISCAN, his mother and next friend (hereinafter referred to as "Connor"), is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

3.      Plaintiff, ROBERTA BISCAN, individually, brings this lawsuit as parent of her incapacitated son, CONNOR, pursuant to Massachusetts General Laws Chapter 231, Section 85X.  She is an individual residing in Wilmington, Middlesex County, Massachusetts.

4.      Plaintiff, NATHAN BAPTISTA, a minor, by JENNIFER BAPTISTA, his mother and next friend (hereinafter referred to as "Nathan"), is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

5.      Plaintiffs, JENNIFER BAPTISTA and AARON BAPTISTA, individually, bring this lawsuit as parents of their incapacitated son, Nathan, pursuant to Massachusetts General

perior Court - Middlesex
cket Number

Laws Chapter 231, Section 85X. They are individuals residing in Wilmington, Middlesex County, Massachusetts.

6.     Plaintiff, ROBERT CONDELL, a minor, by SABRINA VELOZA, his mother and next friend (hereinafter referred to as "Robert"), is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

7.     Plaintiff, SABRINA VELOZA, individually, brings this lawsuit as parent of her incapacitated son, ROBERT, pursuant to Massachusetts General Laws Chapter 231, Section 85X. She is an individual residing in Wilmington, Middlesex County, Massachusetts.

8.     Plaintiff RILEY CHMIEL, a minor, by KATHRYN MARSH, his mother and next friend (hereinafter referred to as "Riley"), is a resident of Shirley, Middlesex County, Commonwealth of Massachusetts.

9.     Plaintiffs, KATHRYN MARSH, an individual residing in Shirley, Middlesex County, Massachusetts and MARK CHMIEL, an individual residing in Ayer, Middlesex County, Massachusetts, bring this lawsuit as parents of their incapacitated son, RILEY, pursuant to Massachusetts General Laws Chapter 231, Section 85X.

10.     Plaintiff, CHLOE LAVORATO, a minor, by COLLEEN LAVORATO, her mother and next friend (hereinafter referred to as "Chloe"), is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

11.     Plaintiffs, COLLEEN LAVORATO and JOSEPH LAVORATO, individually, bring this lawsuit as parents of their incapacitated daughter, CHLOE, pursuant to Massachusetts General Laws Chapter 231, Section 85X. They are individuals residing in Wilmington, Middlesex County, Massachusetts.

12.   Plaintiff, ANTONINO LOFARO, a minor, by NICOLETTE DOUCETTE, his mother
      and next friend (hereinafter referred to as "Antonino"), is a resident of Wilmington,
      Middlesex County, Commonwealth of Massachusetts.

13.   Plaintiffs, NICOLETTE DOUCETTE and ROSARIO LOFARO, individually, bring this
      lawsuit as parents of their incapacitated son, ANTONINO, pursuant to Massachusetts
      General Laws Chapter 231, Section 85X. They are individuals residing in Wilmington,
      Middlesex County, Massachusetts.

14.   Plaintiff, JOHN LUTI, an incapacitated person, by his legal guardian JEANNETTE
      LUTI, is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

15.   Plaintiff, JEANNETTE LUTI and RICHARD LUTI, individually, bring this lawsuit as
      parents of their incapacitated son, JOHN, pursuant to Massachusetts General Laws
      Chapter 231, Section 85X. They are individuals residing in Wilmington, Middlesex
      County, Massachusetts.

16.   Plaintiff, GABRIEL SANTRY, a minor, by CASSANDRA NICHOLS, his mother and
      next friend (hereinafter referred to as "Gabriel), is a resident of Wilmington, Middlesex
      County, Commonwealth of Massachusetts.

17.   Plaintiff, CASSANDRA NICHOLS, individually, brings this lawsuit as parent of her
      incapacitated son, GABRIEL, pursuant to Massachusetts General Laws Chapter 231,
      Section 85X. She is an individual residing in Wilmington, Middlesex County,
      Massachusetts.

18.   Plaintiff, CLIFTON CLARK, IV, a minor, by his mother and next friend ERIKA
      MELLSTROM, is a resident of Wilmington, Middlesex County, Commonwealth of
      Massachusetts.

19.     Plaintiffs, ERIKA MELLSTROM and CLIFTON CLARK, III, individually, bring this

        lawsuit as parents of their incapacitated son, CLIFTON CLARK, IV, pursuant to

        Massachusetts General Laws Chapter 231, Section 85X. They are individuals residing in

        Wilmington, Middlesex County, Massachusetts.

20.     ˙Plaintiff, RIDLEY FUCILE, a minor, by his mother and next friend, SABRINA FUCILE,

        is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

21.     Plaintiff, SABRINA FUCILE and ALLEN FUCILE, individually, bring this lawsuit as

        parents of their incapacitated daughter, RIDLEY, pursuant to Massachusetts General

        Laws Chapter 231, Section 85X. They are individuals residing in Wilmington, Middlesex

        County, Massachusetts.

22.     Defendant, TOWN OF WILMINGTON, is a body politic and corporate duly organized

        under the laws of the Commonwealth of Massachusetts, with a principal place of business

        of 121 Glen Road, Wilmington, Middlesex County, Commonwealth of Massachusetts.

23.     The Town of Wilmington is responsible for the administration of the Wildwood School

        which is a public elementary school within and for the Town of Wilmington

24.     Defendant KIMBERLY CUMMINGS (hereinafter "Cummings") is an individual residing

        at 24 Miller Road, Wilmington, Middlesex County, Commonwealth of Massachusetts.

25.     Cummings was employed as a teacher for the Town of Wilmington from 2003 through

        2021. Cummings was assigned to classroom 7 at the Wildwood School for seventeen

        years and Shawsheen School for one year in 2005. Her employment ended in May 2021

        after DCF began its investigation.

26.     Defendant, VICTORIA FITZGERALD (hereinafter "Fitzgerald"), is an individual
        residing at 6 Chandler Road, Wilmington, Middlesex County, Commonwealth of
        Massachusetts.

27.     Defendant Fitzgerald was employed as an assistant teacher at the Wildwood School from
        February 2017 through May 2021. Her employment ended after DCF began its
        investigation. Fitzgerald worked with Cummings in Classroom 7 at Wildwood School
        throughout her employment.

28.     Defendant KELLY FOGGERTY (hereinafter "Foggerty") is an individual with an
        address unknown to the Plaintiffs.

29.     Foggerty was employed as a teacher for the Town of Wilmington at the Wildwood
        School for all times relevant hereto.

30.     Defendant, JESSICA TALBOT (hereinafter "Talbot"), is an individual with an address
        unknown to the Plaintiffs.

31.     Talbot was employed as an assistant teacher for the Town of Wilmington at the
        Wildwood School for  all times relevant hereto. Talbot worked with Foggerty at
        Wildwood School for all times relevant hereto.

32.     Defendant, ALICE BROWN-LEGRAND (hereinafter "Legrand"), is an individual
        residing at 65 Sandalwood Circle, Tewksbury, Middlesex County, Massachusetts.

33.     Legrand was employed as the Director of Special Education for the Town of Wilmington,
        at all times relevant hereto.

34.     Defendant, CHARLOTTE KING (hereinafter "King"), is an individual residing at an
        address unknown to the Plaintiffs.

35.    KING was employed as the principal at Wildwood School for the Town of Wilmington from 2014 through 2021. Her employment ended after DCF began its investigation.

36.    Defendant, GLENN BRAND (hereinafter "Brand"), is an individual residing at an address unknown to the Plaintiffs.

37.    Brand was the superintendent for the public schools in and for the Town of Wilmington from in or about 2018 through the current date.

38.    Defendant, PAUL RUGGIERO (hereinafter "Ruggiero"), is an individual residing at 47 Forest Street, Wilmington, Middlesex County, Massachusetts.

39.    Ruggiero was the interim superintendent for the public schools in and for the Town of Wilmington at times relevant hereto.

### FACTS COMMON TO ALL CLAIMS

40.    The powers, duties and liabilities of Wildwood School and Shawsheen School are vested in and exercised by the Town of Wilmington.

41.    At all times relevant to this action, Defendant, Town of Wilmington, employed all school staff, faculty, counselors, principals and superintendents at Wildwood School and Shawsheen School.

42.    At all times relevant to this action, Wildwood School and Shawsheen School employees were acting under the color of law, under the color of their authority as Town of Wilmington employees, and within the scope of their employment with the Town of Wilmington.

43.    At all times relevant to this action, Cummings, Fitzgerald, Foggerty, Talbot and Legrand were under the disciplinary authority of King, Brand, Ruggiero and the Town of Wilmington.

44. At all times relevant to this action, King was under the disciplinary authority of Brand, Ruggiero and the Town of Wilmington.

45. At all times relevant to this action, Brand and Ruggiero were under the disciplinary authority of the Town of Wilmington.

46. In 2005, Cummings physically abused and neglected John resulting in broken blood vessels in John's eyes. Cummings used poor judgment in her application of ABA teaching, was not truthful with the student's parents, and refused to allow the student to go to the school nurse to address the broken blood vessels.

47. The Town of Wilmington's school district failed to properly address this complaint with the student's parents for over two months.

48. Between 2008 and 2013, Cummings was observed by other Wildwood School staff members to have inappropriate and potentially harmful physical interactions with the pre-kindergarten and kindergarten students in her classroom, including using her foot to move non-verbal students across the floor, physically handling students in a rough manner and pulling students up by the underarms.

49. Staff members reported these incidents to school administrators.

50. In 2014 Cummings was suspended for five days without pay for falsifying data to the then principal. She was suspended for inefficiency, incompetency, conduct unbecoming a teacher, insubordination and other just causes.

51. From 2016 through 2021, Cummings was physically and verbally abusive to Nathan, Robert, Riley, Chloe, Antonino, Clifton and Ridley. These actions include:

   a. used harsh language and bullied students in her classroom;

   b. screamed at the students;

    c.   pulled students by the back of their sweatshirts;

    d.   emptied students' water bottles to prevent them from drinking and urinating in the classroom;

    e.   ate the students' snacks;

    f.   withheld snacks from the students;

    g.   grabbed students by their wrist and dragged them to "time-out";

    h.   grabbed students by their wrist and dragged them to the nurse's office;

    i.   used forceful physical prompts;

    j.   forcefully put students onto their chairs;

    k.   ignored children when they cried in distress.

52. In 2020, Cummings was suspended without pay after she pushed a pre-kindergarten student's elbow off the table in a way that the child could have fallen, denied the child water and did not follow that child's individualized education plan (hereinafter "IEP"). Cummings was suspended for incompetency, conduct unbecoming a teacher and other just cause.

53. Although Cummings attended safety training, she did not complete certain parts of that training.

54. Fitzgerald was present in classroom 7 from 2017 through 2021 and observed Cummings commit the above stated abuses. Fitzgerald failed to take any action to stop the abuse. Fitzgerald failed to report any of the above stated abuse to the Department of Children and Families (hereinafter "DCF") as is required by law.

55. The school district failed and refused to report any of the above abuses to DCF as is required by law.

56.  School staff members reported the abuse committed by Cummings to the school district, including King, Legrand, Ruggiero and Brand.

57.  Legrand, King, Ruggiero and Brand were informed by various staff members and/or parents that Cummings had committed the above stated abuse but Legrand, King, Ruggiero and Brand failed to report the abuse to DCF.

58.  Legrand, King, Ruggiero and Brand failed to impose appropriate disciplinary action against Cummings including requiring her to obtain retraining to correct her abusive behavior.

**ROBERT**

59.  In March 2021, Robert was a three-year-old boy with autistic spectrum disorder including severe language impairment.

60.  Robert attended Wildwood School in a preschool class from September 2020 through March 2021. Robert was placed in classroom 7 where Cummings was the primary teacher and Fitzgerald was the assistant teacher.

61.  Shortly after entering classroom 7, Robert began kicking, refusing to go into classroom 7 and throwing tantrums in the hallway. He regressed with his disabilities and was not happy.

62.  Robert came home from school with bruising thumbprint in size and shaped like fingerprints on his thighs which were consistent with someone holding him down by the legs. He also arrived home with bruising from his waist to his feet. He also had bumps on his head. On one occasion he came home in girls pants.

63.  Robert's parents reported their concerns regarding Cummings' abusive behavior to the school administration, specifically including King.

64. As a result of Cummings' behavior, Robert regressed in many of his disability related issues.

65. After Robert's parents removed Robert from Cummings' classroom, Robert's regressions ceased and he began making significant improvements.

66. Robert has suffered severe physical and emotional distress, including feelings of anxiety.

67. Sabrina Veloza has suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

### NATHAN

68. In February 2021, Nathan was a six-year-old boy with autistic spectrum disorder including severe language impairment.

69. Nathan attended Wildwood School in a preschool class from January 2018 through September 2020. During this time, he loved school. He did well in school and he made steady positive progress.

70. In September 2020, Nathan was moved to classroom 7 at Wildwood School. Shortly after being transferred to classroom 7, Nathan began to resist going to school. He regressed with his disabilities and was not happy.

71. In February 2021, Cummings injured Nathan's wrists while dragging him. Following this incident, Nathan's pediatrician filed a complaint with DCF.

72. On May 4, 2021, Cummings again physically injured Nathan. Nathan's pediatrician noted three ½ inch linear patterned yellow dotted bruises on Nathan's lower back.

73. Nathan would often say "no school, teacher hurt me". Nathan appeared traumatized when his parents brought him to classroom 7 and was reluctant to enter the classroom. Nathan would crumble into a ball when his parents mentioned the word "teacher".

74.  Nathan's parents consistently reported their concerns regarding Cummings' abusive behavior to the school administration, specifically including King and Brand.

75.  As a result of Cummings' behavior, Nathan often came home from school hungry, had increased staring spells, had increased emotional lability, had agitated behaviors, and had sleep difficulties and nightmares.

76.  After Cummings was removed from classroom 7, Nathan's unresponsive staring stopped, his regressions ceased and he began making significant improvements.

77.  Nathan continues to undergo trauma therapy to cope with Cummings' abusive behavior. Nathan has suffered severe physical and emotional distress, including feelings of anxiety.

78.  Jennifer Baptista and Aaron Baptista have suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

**RILEY**

79.  In April 2021, Riley was a five-year-old boy with autistic spectrum disorder including severe language impairment.

80.  Riley has attended Wilmington Schools since he was three years old. Prior to March 2021, he generally enjoyed school and was making progress with his disabilities and with general learning.

81.  In or about March 29, 2021, Riley was assigned to classroom 7 at Wildwood School. Within the first week of being in classroom 7, Riley came home stating that he did not like school and did not want to go back.

82.  Cummings regularly pulled Riley by the wrist and physically placed him in "time-out". On or about April 2, 2021, Cummings grabbed Riley by the wrist and left bruises consistent with finger marks on top of Riley's wrists. On or about April 30, 2021,

Cummings grabbed Riley by the wrist and again left bruises consistent with finger marks on top of Riley's wrists.

83.   Cummings' actions caused Riley physical pain. Riley demonstrated how Cummings hurt his arm to the school adjustment counselor.

84.   After being placed in classroom 7, Riley became more physically aggressive.

85.   On or about May 3, 2021, Riley's mother reported these incidents to the Wilmington Superintendent's Office.

86.   Riley has suffered severe physical and emotional distress, including feelings of anxiety.

87.   Kathryn Marsh and Mark Chmiel have suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

## ANTONINO

88.   In September 2016, Antonino was a five-year-old boy with an autistic spectrum disorder including severe language impairment.

89.   Antonino attended Wilmington Schools since 2015. He generally enjoyed school and was making progress with his disabilities and with general learning.

90.   In or about September 2016 Antonino was assigned to classroom 7 at Wildwood School. Within a couple of months, Antonino became physically aggressive at home and refused to go to school.

91.   Cummings failed and refused to follow Antonino's IEP.

92.   Antonino was sent to school every day with multiple outfits and pull-ups due to his toileting issues. Cummings failed to put a pull-up on Antonino causing him to soil his clothing. Cummings would make him wear girl's pants despite the fact that he had clean pants of his own to wear.

93.   Antonino's parents removed Antonino from classroom 7 in the Summer of 2017. After he was removed, Antonino made steady progress in school.

94.   Antonino has suffered severe physical and emotional distress, including feelings of anxiety.

95.   Nicolette Doucette and Rosario Lofaro have suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

**CHLOE**

96.   In October 2014, Chloe was a three-year-old girl with autistic spectrum disorder including severe language impairment.

97.   Chloe began pre-school in September 2014. At that time, Chloe was in a classroom where Foggerty was the teacher.

98.   Foggerty was verbally and physically abusive to Chloe.

99.   Chloe came home from school with marks and bruises on her body and face. On October 23, 2014 she came home with a bump on her forehead. On October 28, 2014, she came home with swollen lips. On November 13, 2014, she came home with cuts to her eye socket. On November 17, 2014, she came home with scratches on her neck. Chloe's anxiety increase dramatically during this time.

100.   In or about 2016, Chloe began kindergarten in classroom 7 at Wildwood School.

101.   Cummings was verbally and physically abusive to Chloe. When Chloe became emotional or upset and began to cry, Cummings yelled at her to knock it off. Cummings used harsh language and bullied Chloe.

102.   At times, Cummings refused to give Chloe her lunch. Chloe would often come home from school hungry despite the fact that Chloe went to school with sufficient food.

103.    Chloe's mother made multiple complaints to King, Legrand, Ruggiero and the School
Committee regarding Foggerty and Cummings' abusive behavior. Chloe's mother
requested that King, Legrand and Ruggiero file complaints with DCF, but they refused.
Chloe's mother filed her own complaint with DCF on March 30, 2018.

104.    Chloe's parents removed Chloe from classroom 7 and the Wildwood School out of
concern for her safety.

105.    Chloe's parents had to hire an attorney to force the Town Wilmington to provide Chloe
with an out-of-district placement.

106.    During this period of time, Chloe did not have a school to go to. It was an extremely
stressful and emotional time for Chloe and her parents.

107.    Once in the new out-of-district school, Chloe started to receive incredible services and
made progress in disability related issues and general learning.

108.    As a result of Foggerty and Cummings' actions, Chloe suffers from PTSD, panic attacks
and anxiety. Chloe has suffered severe physical and emotional distress, including feelings
of anxiety.

109.    Colleen Lavorato and Joseph Lavorato have suffered a loss of parental consortium,
causing severe emotional distress, including feelings of shame, anxiety and guilt.

**JOHN**

110.    In August 2005, John was an eight-year-old boy with autistic spectrum disorder
including severe language impairment.

111.    In August 2005, John was in a classroom at Shawsheen School and Cummings was his
primary teacher.

112.  In August 2005 Cummings put John in a chair, pushed him tight up against a table and sat
      directly behind him. Cummings would not let John move for almost an hour. Cummings
      grabbed John under the arms several times, forcing him to sit up. During this time, John
      was screaming. As a result of this incident, John developed broken blood vessels in his
      eyes. An assistant teacher asked Cummings to send John to the school nurse to be seen
      for his eyes, but Cummings refused to allow this to happen. Cummings was not truthful
      with John's parents regarding the broken blood vessels.

113.  The Town of Wilmington's school district failed to properly address this complaint with
      John's parents for over two months.

114.  John's parents removed John from Cummings' class.

115.  John has suffered severe physical and emotional distress, including feelings of anxiety.

116.  Jeanette Luti and Richard Luti have suffered a loss of parental consortium, causing severe
      emotional distress, including feelings of shame, anxiety and guilt.

### CONNOR

117.  In May 2010, Connor was a five-year-old boy with autistic spectrum disorder including
      severe language impairment.

118.  Connor attended Wildwood School's pre-school program from September 2007 through
      June 2009. During this time period, Connor enjoyed school and made great strides in his
      vocabulary.

119.  In September 2009, Connor started kindergarten in classroom 7. After the first week,
      Connor came home from school crying. He did not want to go back to school. He kept
      saying that his teacher was mean.

120.    Cummings would grab Connor in an aggressive manner. Connor came home from school on multiple occasions with bruises and scratches on his face and back. He also had bruises on his side and legs.

121.    On one occasion, Connor came home with a large bruise in the area of his tailbone. Connor told his mother that Cummings had pushed him.

122.    Connor's mother reported the abuse to the schools administration, but no action was taken.

123.    In February 2010, Connor's parents demanded that the school transfer Connor away from Cummings out of concern for his safety. In March 2010, Connor was moved to a different classroom.

124.    Connor has suffered severe physical and emotional distress, including feelings of anxiety.

125.    Roberta Biscan has suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

**GABRIEL**

126.    In March 2020, Gabriel was a three-year-old boy with autistic spectrum disorder including severe language impairment.

127.    At all times relevant hereto, Gabriel was in a classroom where Foggerty was the teacher and Talbot was an assistant teacher.

128.    In 2019 and 2020, Talbot physically abused Gabriel. Talbot squeezed Gabriel's arms and neck hard enough to cause pain to Gabriel. Talbot hurt Gabriel when she rubbed Gabriel's chest (similar to a sternum rub).

129.    Gabriel's mother reported her concerns to King but King failed to report the matter to DCF or to impose any disciplinary action on Talbot.

130.  Gabriel has suffered severe physical and emotional distress, including feelings of anxiety.

131.  Cassandra Nichols has suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

## CLIFTON

132.  In October 2018, Clifton was a three-year-old boy with autistic spectrum disorder including severe language impairment.

133.  Clifton attended Wildwood School's pre-school program from October 2018 through September 2019. During this time period, Clifton enjoyed school.

134.  In September 2019, Clifton was moved to classroom 7. Clifton was physically and emotionally abused by Cummings.

135.  Cummings failed to prompt Clifton to get up and throw away his lunch. Cummings left Clifton sitting at a table for over thirty minutes despite the fact that Clifton was obviously upset.

136.  Cummings sharply pushed Clifton's elbows off the table, while his chin was resting in his hands, causing Clifton's chin to strike the table. Cummings yelled at Clifton to sit up, grabbed Clifton's chair and sharply pushed it in. Cummings ignored Clifton's request to use the bathroom. Cummings refused to allow Clifton to go to his inclusion class as was required under his individualized education plan (hereinafter "IEP"). Throughout this ordeal, Clifton was crying and saying he did not know what to do while Cummings ignored him for hours.

137.  The above incident was reported to King by an assistant teacher. Cummings was suspended for a few days. King did not report this incident to DCF or require any retraining.

138.  In September 2020, Clifton was transferred to a different room with a different teacher. After this transfer, Clifton began making great progress with his disability issues and his education.

139.  Clifton has suffered physical and emotional distress.

140.  Erika Mellstrom and Clifton Clark, III have suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

**RIDLEY**

141.  In March 2020, Ridley was a five-year-old girl with autistic spectrum disorder including severe language impairment.

142.  Ridley attended Wildwood School in classroom 7. Cummings would grab and slam Ridley down in a chair and then ignore Ridley as she cried. Ridley came home from school with bruising on her buttock.

143.  On at least one occasion, Cummings grabbed Ridley, took her to a chair, slammed her down in the chair and ignored her as Ridley screamed.

144.  Ridley's parents attempted to talk to the Superintendent about these issues, but he failed and refused to return their call.

145.  Ridley has suffered severe physical and emotional distress, including feelings of anxiety.

146.  Sabrina Fucile and Allen Fucile have suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

## COUNT I - Negligence

**Connor Biscan, Nathan Baptista, Robert Condell, Riley Chmiel, Chloe Lavorato, Antonino Lofaro, John Luti, Gabriel Santry, Clifton Clark, IV and Ridley Fucile**

**v.**

**Town of Wilmington**

147. Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

148. Defendant Town of Wilmington owed a duty to exercise reasonable care for the protection of the Plaintiffs against misconduct and inappropriate conduct and/or contact by Cummings, Foggerty and Talbot.

149. Based on the conduct described above, Defendant Town of Wilmington was aware or should have been aware of the fact that Cummings, Foggerty and Talbot were subjecting their students to physical and emotional abuse which posed safety risks to the students.

150. Based on the conduct described above, Defendant Town of Wilmington was aware or should have been aware of the fact that Fitzgerald was allowing Cummings to subject her students to physical and emotional abuse which posed safety risks to the students.

151. Defendant Town of Wilmington breached that duty by negligently failing to train, supervise, and otherwise failing to make scheduling and staffing decisions to ensure that all students were not emotionally and physically abused and received proper supervision.

152. Defendant Town of Wilmington, through its administrators and staff, including Defendants Fitzgerald, King, Legrand, Ruggiero and Brand, failed to supervise Cummings, Foggerty and Talbot in a manner to prevent and discover Cummings, Foggerty and Talbot's physical and emotional abuse.

153.   Presentment of this claim was made pursuant to Massachusetts General Laws, Chapter 258 §4.

154.   By its actions, Defendant Town of Wilmington is the direct and proximate cause of the physical and emotional abuse endured by the Plaintiffs.

155.   As a direct and proximate result of the foregoing, Plaintiffs suffered and continue to suffer physical injury, indignity, humiliation, severe emotional distress, and mental anguish.

WHEREFORE, the Plaintiffs demand judgment against Defendant Town of Wilmington for all compensatory damages recoverable; costs and expenses allowable; and any and all other relief as the Court deems just and proper.

### COUNT II – 42 U.S.C. §1983

**Connor Biscan, Nathan Baptista, Robert Condell, Riley Chmiel, Chloe Lavorato, Antonino Lofaro, John Luti, Gabriel Santry, Clifton Clark, IV and Ridley Fucile**
**v.**
**Town of Wilmington**

156.   Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

157.   Defendant Town of Wilmington acted by and through its agents.

158.   Defendant Town of Wilmington violated the Plaintiffs' rights as residents of the United States pursuant to 42 U.S.C. §1983 and §1988.

159.   Defendant Town of Wilmington had a duty to exercise reasonable care in the selection and retention of employees and to provide and ensure an educational environment for the Plaintiffs that was free from physical and emotional abuse and to enforce the regulations, rules, and laws necessary to protect the Plaintiffs and other students from acts of physical and emotional abuse of Cummings, Foggerty and Talbot.

160.    Defendant Town of Wilmington failed to properly train and supervise employees and/or
        discipline them in order to avoid physical and emotional abuse and inadequate
        supervision.

161.    By these failures, Defendant the Town of Wilmington adopted, approved, and/or
        enforced a policy, practice, and custom tolerating the violation of constitutional rights.

162.    The affirmative acts of the Defendant Town of Wilmington, including, but not limited to,
        its implementation of customs, practices and/or policies that resulted in a failure to
        properly train and supervise its employees regarding required procedures for
        investigating and responding to reports of abuse, were the moving force and/or direct
        causal link to the physical and emotional abuse suffered by the Plaintiffs and were so
        extreme and egregious as to shock the conscience.

163.    Defendant Town of Wilmington intentionally, willfully, and without justification
        deprived Plaintiffs of their rights, privileges, and immunities secured to them by the
        Constitution and the laws of the United States, including but not limited to, their rights to
        due process and to be free from physical and emotional abuse as provided by the
        Fourteenth Amendment of the Constitution, in violation of 42 U.S.C. §1983.

164.    As a direct and proximate result of the foregoing, Plaintiffs suffered and continue to
        suffer physical injury, indignity, humiliation, severe emotional distress, and mental
        anguish.

        WHEREFORE, the Plaintiffs, demand judgment against Defendant Town of Wilmington
for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees,
costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT III - 794 U.S.C. §504

**Connor Biscan, Nathan Baptista, Robert Condell, Riley Chmiel, Chloe Lavorato, Antonino
Lofaro, John Luti Gabriel Santry, Clifton Clark, IV and Ridley Fucile**
**v.**
**Town of Wilmington**

165.   Plaintiffs reallege and incorporate herein the allegations contained in each and every
       other paragraph of this Complaint.

166.   794 U.S.C. § 504 requires recipients of federal funding to provide an appropriate
       education to all qualified handicapped persons who are in the recipient's jurisdiction,
       regardless of the nature or severity of the person's handicap.

167.   Defendant Town of Wilmington is a recipient of federal financial assistance, including
       federal financial assistance provided to its schools, special education departments, and
       Section 504 programs.

168.   Recipients of federal financial assistance must provide regular or special education and
       related aids and services designed to meet the individual educational needs of disabled
       persons so that the needs of disabled persons are adequately met and may not
       discriminate on the basis of disability in providing these services.

169.   Pursuant to 29 U.S.C. § 794, Defendant Town of Wilmington, by and through its staff,
       are required to establish and maintain procedures to ensure that children with disabilities
       and their parents are guaranteed procedural safeguards with respect to the provision of
       Free and Appropriate Public Education ("FAPE").

170.   Defendant Town of Wilmington, by and through its staff, grossly and substantially
       departed from accepted professional judgment, practice, or standards when they did not

provide the Plaintiffs with protection from physical and emotional abuse and proper supervision.

171.    Defendant Town of Wilmington, through its staff, intentionally and deliberately failed and refused to implement proper accommodations despite their obligation to do so and instead allowed Plaintiffs to be abused by Kimberly Cummings, Kelly Foggerty and Jessica Talbot.

172.    Defendant Town of Wilmington, through its staff, further discriminated against Plaintiffs by treating the Plaintiffs differently than their non-disabled peers.

173.    As a direct and proximate result of Defendant Town of Wilmington's deliberate and intentional actions and violations as described above, Plaintiffs were denied access to their education in violation of 794 U.S.C. § 504.

174.    As a direct and proximate result of Defendant Town of Wilmington's discriminatory actions, Plaintiffs suffered physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendant Town of Wilmington for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

### COUNT IV - M.G.L. Chapter 93 §103

**Connor Biscan, Nathan Baptista, Robert Condell, Riley Chmiel, Chloe Lavorato, Antonino Lofaro, John Luti Gabriel Santry, Clifton Clark, III and Ridley Fucile**
**v.**
**Town of Wilmington, Kimberly Cummings, Victoria Fitzgerald, Kelly Foggerty, Jessica Talbot, Alice Brown-Legrand, Paul Ruggiero, Charlotte King and Glenn Brand**

175.    Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

176.   Each and all of the Defendants violated Plaintiffs rights as handicapped persons in the

Commonwealth of Massachusetts to the full and equal benefit of all laws and proceedings

for the security of persons, including, but not limited to, the rights secured under Article

CXIV of the Amendments to the Constitution, and pursuant to G.L. c. 93, §103.

177.   Each of the Defendants intentionally and deliberately failed and refused to implement

proper accommodations despite their obligation to do so and instead allowed Plaintiffs to

be physically and emotionally abused by Kimberly Cummings, Kelly Foggerty and

Jessica Talbot, depriving them of the full and equal benefit of all laws and constitutional

rights.

178.   As a direct and proximate result of the foregoing, Plaintiffs suffered and continue to

suffer physical injury, indignity, humiliation, severe emotional distress, and mental

anguish.

WHEREFORE, the Plaintiffs, demand judgment against each of the Defendants for all
compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs
and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT V - Intentional Infliction of Emotional Distress

**Connor Biscan, Nathan Baptista, Robert Condell, Riley Chmiel, Chloe Lavorato, Antonino
Lofaro, John Luti Gabriel Santry, Clifton Clark, III and Ridley Fucile**
v.
**Town of Wilmington, Kimberly Cummings, Victoria Fitzgerald, Kelly Foggerty, Jessica
Talbot, Alice Brown-Legrand, Paul Ruggiero, Charlotte King and Glenn Brand**

179.   Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

180.   Each and all of the Defendants intended to inflict emotional distress or, they knew or

should have known that emotional distress was the likely result of their conduct, when

they physically and emotionally abused or allowed others to physically and emotionally abuse the Plaintiffs.

181. Defendants' conduct in physically and emotionally abusing or allowing others to physically and emotionally abuse disabled students in their care was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

182. Defendants conduct caused the Plaintiffs distress of a nature so severe that no reasonable person could be expected to endure it.

183. As a direct and proximate result of Defendants' actions, the Plaintiffs suffered physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiffs demand judgment against each Defendant for all compensatory damages recoverable; all costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT VI - 42 U.S.C. §1983

**Connor Biscan, Nathan Baptista, Robert Condell, Riley Chmiel, Chloe Lavorato, Antonino Lofaro, John Luti Gabriel Santry, Clifton Clark, III and Ridley Fucile**
**v.**
**Charlotte King, Alice Brown-Legrand, Paul Ruggiero and Glenn Brand**

184. Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

185. At all material times, Defendants King, Legrand, Ruggiero and Brand had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline the Defendants Cummings, Fitzgerald, Foggerty and Talbot as well as all other employees and agents of Wildwood School.

186.    Defendants King, Legrand, Foggerty and Brand failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Cummings, Fitzgerald, Foggerty, Talbot and other employees of the Wildwood School, with deliberate indifference to the Plaintiffs' constitutional rights, which were thereby violated as described above.

187.    As supervisors, Defendants King, Legrand, Ruggiero and Brand, each permitted and failed to prevent the unconstitutional acts of Defendants Cummings, Fitzgerald, Foggerty and Talbot, individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights and serious needs of the Plaintiffs. Each of these supervising Defendants either directed his or her subordinates in conduct that violated the Plaintiffs' rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive the Plaintiffs of rights, or knew his or her subordinates were engaging in acts likely to deprive the Plaintiffs of rights and failed to act to prevent his or her subordinate from engaging in such conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate the Plaintiffs rights, and in fact did cause the violation of the Plaintiffs rights. Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' obvious violations of the Plaintiffs' rights.

188.    The unconstitutional customs, policies, practices, and/or procedures of Defendant Town of Wilmington, stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendant Town of Wilmington, including Defendants King, Legrand, Ruggiero and Brand, with deliberate indifference to the Plaintiffs' and others' constitutional rights, which were thereby violated as described above.

189.  The unconstitutional actions and/or omissions of Defendants Cummings, Fitzgerald, Foggerty and Talbot, as described above, were approved, tolerated, and/or ratified by policymaking officers for the Town of Wilmington, including Defendants King, Legrand, Ruggiero and Brand.

190.  The details of the above-described incidents were revealed to Defendants King, Legrand, Ruggiero and Brand.

191.  Notwithstanding this knowledge, Defendants King, Legrand, Ruggiero and Brand have approved and ratified the conduct and decisions of Defendants Cummings, Fitzgerald, Foggerty and Talbot in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them.

192.  By so doing, Defendants King, Legrand, Ruggiero and Brand have shown affirmative agreement with Defendants Cummings, Fitzgerald, Foggerty and Talbot's actions and have ratified their unconstitutional acts.

193.  These customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants Cummings, Fitzgerald, Foggerty and Talbot were a moving force and/or a proximate cause of the deprivations of the Plaintiffs' clearly established and well-settled constitutional rights in violation of 42 U.S.C.A. § 1983, as more fully set forth above.

194.  Defendants King, Legrand, Ruggiero and Brand subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with

conscious and reckless disregard for whether the rights and safety of Plaintiffs would be
violated by their acts and/or omissions.

195.    As a direct and proximate result of the unconstitutional actions, omissions, customs,
policies, practices, and procedures of Defendants King, Legrand, Ruggiero and Brand as
described above, the Plaintiffs sustained serious and permanent injuries and are entitled
to damages, penalties, costs, and attorneys' fees.

196.    As a direct and proximate result of the foregoing, the Plaintiffs suffered and continue to
suffer physical injury, indignity, humiliation, severe emotional distress, and mental
anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendants Charlotte King,
Alice Brown-Legrand, Paul Ruggiero and Glenn Brand for all compensatory damages
recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable;
and any and all other relief as the Court deems just and proper.

## COUNT VII - 42 U.S.C. § 1983

**Connor Biscan, Nathan Baptista, Robert Condell, Riley Chmiel, Chloe Lavorato, Antonino
Lofaro and John Luti, Clifton Clark, IV and Fucile**
**v.**
**Kimberly Cummings**

197.    Plaintiffs reallege and incorporate herein the allegations contained in each and every
other paragraph of this Complaint.

198.    Defendant Cummings, while acting under color of law, physically and emotionally
abused the Plaintiffs and thereby violated their clearly established rights under the
Fourteenth Amendments to the United States Constitution.

199.    Defendant Cummings acted with reckless disregard for Plaintiffs' constitutional rights.

200.    As a direct and proximate result of Defendant Cummings discriminatory actions, the

Plaintiffs suffered physical injury, indignities, humiliation, severe emotional distress and

mental anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendant Kimberly Cummings
for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees,
costs and expenses allowable; and any and all other relief as the Court deems just and proper.

### COUNT VIII - Assault and Battery

**Connor Biscan, Nathan Baptista, Robert Condell, Riley Chmiel, Chloe Lavorato, Antonino
Lofaro, John Luti, Clifton Clark, IV and Ridley Fucile
v.
Kimberly Cummings**

201.    Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

202.    Defendant Cummings committed the tort of assault and battery against the Plaintiffs by

assaulting and battering them without legal justification, cause, excuse, or privilege.

203.    As a direct and proximate result of Defendant Cummings' actions, Plaintiffs suffered

physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiffs demand judgment against Defendant Kimberly Cummings
for all compensatory damages recoverable; all attorney's fees, costs and expenses allowable; and
any and all other relief as the Court deems just and proper.

### COUNT IX - Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I

**Connor Biscan, Nathan Baptista, Robert Condell, Riley Chmiel, Chloe Lavorato, Antonino
Lofaro, John Luti, Clifton Clark, IV and Ridley Fucile
v.
Kimberly Cummings**

204.    Each of the foregoing paragraphs is incorporated as if fully set forth herein.

205.    By means of use of threats, intimidation and coercion, defendant Cummings violated the

civil rights of the Plaintiffs under the laws of the Commonwealth of Massachusetts.

206.    As a direct and proximate result of Defendant Cummings' actions, Plaintiffs suffered

physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendant Kimberly Cummings
for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees,
costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT X - 42 U.S.C. § 1983

**Connor Biscan, Nathan Baptista, Robert Condell, Riley Chmiel, Chloe Lavorato, Antonino
Lofaro, John Luti, Clifton Clark, IV and Ridley Fucile
v.
Victoria Fitzgerald**

207.    Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

208.    Defendant Fitzgerald, while acting under color of law, stood by and allowed Defendant

Cummings to physically and emotionally abuse the Plaintiffs and thereby violated their

clearly established rights under the Fourteenth Amendment to the United States

Constitution.

209.    Defendant Fitzgerald acted with reckless disregard for the Plaintiffs' constitutional rights.

210.    As a direct and proximate result of the foregoing, Plaintiffs suffered and continue to

suffer physical injury, indignity, humiliation, severe emotional distress, and mental

anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendant Victoria Fitzgerald
for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees,
costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT XI - 42 U.S.C. § 1983

### Gabriel Santry v. Jessica Talbot

211.  Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

212.  Defendant Talbot, while acting under color of law, physically and emotional abused the

Plaintiff and thereby violated his clearly established rights under the Fourteenth

Amendments to the United States Constitution.

213.  Defendant Talbot acted with reckless disregard for Plaintiff's constitutional rights.

214.  As a direct and proximate result of Defendant Talbot's discriminatory actions, the

Plaintiff suffered physical injury, indignity, humiliation, severe emotional distress and

mental anguish.

WHEREFORE, the Plaintiff, demands judgment against Defendant Jessica Talbot for all
compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs
and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT XII - Assault and Battery

### Gabriel Santry v. Jessica Talbot

215.  Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

216.  Defendant Talbot committed the tort of assault and battery against the Plaintiff by

assaulting and battering him without legal justification, cause, excuse, or privilege.

217.  As a direct and proximate result of Defendant Talbot's actions, Plaintiff suffered physical

injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiff, demands judgment against Defendant Jessica Talbot for all compensatory damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT XIII - Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I

### Gabriel Santry v. Jessica Talbot

218.    Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

219.    By means of use of threats, intimidation and coercion, defendant Talbot violated the civil

rights of the Plaintiff under the laws of the Commonwealth of Massachusetts.

220.    As a direct and proximate result of Defendant Talbot's actions, Plaintiff suffered physical

injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiff, demands judgment against Defendant Jessica Talbot for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT XIV - 42 U.S.C. § 1983
### Chloe Lavorato v. Kelly Foggerty

221.    Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

222.    Defendant Foggerty, while acting under color of law, physically and emotional abused

the Plaintiff and thereby violated her clearly established rights under the Fourteenth

Amendments to the United States Constitution.

223.    Defendant Foggerty acted with reckless disregard for Plaintiff's constitutional rights.

224.    As a direct and proximate result of Defendant Foggerty's discriminatory actions, the

Plaintiff suffered physical injury, indignity, humiliation, severe emotional distress and

mental anguish.

WHEREFORE, the Plaintiff, demands judgment against Defendant Foggerty for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT XV - Assault and Battery

### Chloe Lavorato v. Kelly Foggerty

225.    Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

226.    Defendant Foggerty committed the tort of assault and battery against the Plaintiff by assaulting and battering her without legal justification, cause, excuse, or privilege.

227.    As a direct and proximate result of Defendant Foggerty's actions, Plaintiff suffered physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiff, demands judgment against Defendant Kelly Foggerty for all compensatory damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT XVI - Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I

### Chloe Lavorato v. Kelly Foggerty

228.    Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

229.    By means of use of threats, intimidation and coercion, defendant Kelly Foggerty violated the civil rights of the Plaintiff under the laws of the Commonwealth of Massachusetts.

230.    As a direct and proximate result of Defendant Kelly Foggerty's actions, Plaintiff suffered physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiff, demands judgment against Defendant Kelly Foggerty for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT XVII - Loss of Consortium under M.G.L. c. 231, § 85X

**Roberta Biscan, Jennifer Baptista, Aaron Baptista, Sabrina Veloza, Kathryn Marsh, Mark Chmiel, Colleen Lavorato, Joseph Lavorato, Nicolette Doucette, Rosario Lofaro, Jeannette Luti, Richard Luti, Cassandra Nichols, Erika Mellstrom, Clifton Clark, III, Sabrina Fucile and Allen Fucile**

v.

**Town of Wilmington, Kimberly Cummings, Victoria Fitzgerald, Kelly Foggerty, Jessica Talbot, Alice Brown-Legrand, Paul Ruggiero, Charlotte King and Glenn Brand**

231.   Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

232.   Plaintiff Roberta Biscan is  the parent of Connor Biscan, an intellectually disabled child who is totally dependent on his parent for support.

233.   Plaintiffs Jennifer Baptista and Aaron Baptista are the parents of Nathan Baptista, an intellectually disabled child who is totally dependent on his parents for support.

234.   Plaintiff Sabrina Veloza is the parent of Robert Condell, an intellectually disabled child who is totally dependent on his parent for support.

235.   Kathryn Marsh and Mark Chmiel are the parents of Riley Chmiel, an intellectually disabled child who is totally dependent on his parents for support.

236.   Plaintiffs Colleen Lavorato and Joseph Lavorato are the parents of Chloe Lavorato, an intellectually disabled child who is totally dependent on her parents for support.

237.   Plaintiffs Nicolette Doucette and Rosario Lofaro are the parents of Antonino Doucette, an intellectually disabled child who is totally dependent on his parents for support.

238.   Plaintiffs Jeannette Luti and Richard Luti are the parents of John Luti, an intellectually disabled child who is totally dependent on his parents for support.

239.   Plaintiff Cassandra Nichols is the parent of Gabriel Santry, an intellectually disabled child who is totally dependent on his parent for support.

240.  Plaintiffs Erika Mellstrom and Clifton Clark, III are the parents of Clifton Clark, IV, an intellectually disabled child who is totally dependent on his parents for support.

241.  Plaintiffs Sabrina Fucile and Allen Fucile are the parents of Ridley Fucile, an intellectually disabled child who is totally dependent on his parents for support.

242.  In accordance with M.G.L. c. 231, § 85X, Plaintiffs each have a cause of action for loss of consortium of their child, against each of the Defendants who are responsible for causing their injury.

WHEREFORE, the Plaintiffs, demand judgment against each of the Defendants for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS.**

Plaintiffs,
By their attorney

/s/ Richard M. Welsh, Jr.
Richard M. Welsh, Jr., Esq., BBO# 552732
LAW OFFICE OF HOWARD M. KAHALAS
6 Beacon Street, Suite 1020
Boston, Massachusetts 02108
(617) 523-1155
rwelsh@kahalaslaw.com

March 23, 2023

MIDDLESEX, ss.  **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this 26th day of May 2023.

_Bernard_

Deputy Assistant Clerk

pg. 36

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 23-868 | Trial Court of Massachusetts The Superior Court |  |
|---|---|---|---|

Superior Court - Middlesex
Docket Number

COUNTY

| Plaintiff | Roberta Biscan | Defendant: | Town of Wilmington |
|---|---|---|---|
| ADDRESS: | 119 Grove Avenue, Wilmington, MA 01887 | ADDRESS: | 121 Glen Road, Wilmington, MA 01887 |
| | | | |
| Plaintiff Attorney: | Richard M. Welsh, Jr. | Defendant: | Kimberly Cummings |
| ADDRESS: | Law Offices of Howard M. Kahalas | ADDRESS: | 24 Miller Road, Wilmington, MA 01887 |
| 6 Beacon Street, Suite 1020, Boston, MA 02108 | | | |
| BBO: | 552732 | | |
| Plaintiff: | Jennifer Baptista and Aaron Baptista | Defendant: | Victoria Fitzgerald |
| ADDRESS: | 132 Federal Street, Wilmington, MA 01887 | ADDRESS: | 6 Chandler Road, Wilmington, MA 01887 |
| | | | |
| Plaintiff: | Sabrina Veloza | Defendant: | Kelly Foggerty |
| ADDRESS: | 5 Towpath Drive, Wilmington, MA 01887 | ADDRESS: | Address Unknown |
| | | | |
| Plaintiff: | Kathryn Marsh and Mark Chmiel | Defendant: | Jessica Talbot |
| ADDRESS: | 7 Shaker Road, Shirley, MA 01464 | ADDRESS: | Address Unknown |
| | | | |
| Plaintiff: | Colleen Lavorato and Joseph Lavorato | Defendant: | Alice Brown-Legend |
| ADDRESS: | 5 Ox Bow Drive, Wilmington, MA 01887 | ADDRESS: | 65 Sandalwood Circle, Tewksbury, MA |
| | | | |
| Plaintiff: | Nicolette Doucette and Rosario Lofaro | Defendant: | Charlotte King |
| ADDRESS: | 3213 Avalon Drive, Wilmington, MA 01887 | ADDRESS: | Address Unknown |
| | | | |
| Plaintiff: | Jeannette Luti and Richard Luti | Defendant: | Glenn Brand |
| ADDRESS: | 108 Woburn Street, Wilmington, MA 01887 | ADDRESS: | Address Unknown |
| | | | |
| Plaintiff: | Cassandra Nichols | Defendant: | Paul Ruggiero |
| ADDRESS: | 2 Middlesex Avenue, Swampscott, MA 01907 | ADDRESS: | 47 Forest Street, Wilmington, MA 01887 |
| | | | |
| Plaintiff: | Erika Mellstrom and Clifton Clark, III | Defendant: | |
| ADDRESS: | 4 Fall Street, Wilmington, MA 01887 | ADDRESS: | |
| | | | |
| Plaintiff: | Sabrina Fucile and Allen Fucile | Defendant Attorney: | |
| ADDRESS: | 1401 Pouliot Place, Wilmington, MA 01887 | ADDRESS: | |
| | | | |
| | | BBO: | |

**RECEIVED**      3/25/2023      HG

SC0001: 1/13/2023      www.mass.gov/courts      Date/Time Printed:03-23-2023 18:04:29

Superior Court - Middlesex

Docket Number

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Civil Rights | A | ☒ YES    ☐ NO |

*If "Other" please describe: _____

|  |  |
|---|---|
| **Is there a claim under G.L. c. 93A?** | **Is there a class action under Mass. R. Civ. P. 23?** |
| ☐ YES    ☒ NO | ☐ YES    ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

#### TORT CLAIMS

A. Documented medical expenses to date

| | | |
|---|---|---|
| 1. Total hospital expenses | | $0.00 |
| 2. Total doctor expenses | | $5,000.00 |
| 3. Total chiropractic expenses | | $0.00 |
| 4. Total physical therapy expenses | | $0.00 |
| 5. Total other expenses (describe below) | | $0.00 |
| | Subtotal (1-5): | $5,000.00 |
| B. Documented lost wages and compensation to date | | $0.00 |
| C. Documented property damages to date | | $0.00 |
| D. Reasonably anticipated future medical and hospital expenses | | $0.00 |
| E. Reasonably anticipated lost wages | | $0.00 |
| F. Other documented items of damages (describe below) | | $0.00 |
| | TOTAL (A-F): | $5,000.00 |

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Minor Plaintiffs suffered soft tissue injuries and emotional distress. Parents suffered loss of consortium and emotional distress

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| | | |
|---|---|---|
| Signature of Attorney/Self-Represented Plaintiff: X ___ /s/ Richard M. Welsh, Jr. ___ | Date: | March 23, 2023 |

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

_____

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| | | |
|---|---|---|
| Signature of Attorney: X ___ /s/ Richard M. Welsh, Jr. ___ | Date: | March 23, 2023 |

SC0001: 1/13/2023                     www.mass.gov/courts                     Date/Time Printed:03-23-2023 18:04:28

Superior Court - Middlesex
Docket Number

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

AA1 Contract Action involving Commonwealth,
    Municipality, MBTA, etc.     (A)
AB1 Tortious Action involving Commonwealth,
    Municipality, MBTA, etc.     (A)
AC1 Real Property Action involving
    Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
    Municipality, MBTA, etc.     (A)
AE1 Administrative Action involving
    Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials     (F)
A02 Goods Sold and Delivered     (F)
A03 Commercial Paper     (F)
A04 Employment Contract     (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract     (F)
A08 Sale or Lease of Real Estate     (F)
A12 Construction Dispute     (A)
A14 Interpleader     (F)
BA1 Governance, Conduct, Internal
    Affairs of Entities     (A)
BA3 Liability of Shareholders, Directors,
    Officers, Partners, etc.     (A)
BB1 Shareholder Derivative     (A)
BB2 Securities Transactions     (A)
BC1 Mergers, Consolidations, Sales of
    Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property     (A)
BD2 Proprietary Information or Trade
    Secrets     (A)
BG1 Financial Institutions/Funds     (A)
BH1 Violation of Antitrust or Trade
    Regulation Laws     (A)
A99 Other Contract/Business Action - Specify (F)

* See Superior Court Standing Order 1-88 for an
explanation of the tracking deadlines for each track
designation: F, A, and X. On this page, the track
designation for each case type is noted in
parentheses.

†* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

‡ Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract   (A)
D02 Reach and Apply     (F)
D03 Injunction     (F)
D04 Reform/ Cancel Instrument     (F)
D05 Equitable Replevin     (F)
D06 Contribution or Indemnification   (F)
D07 Imposition of a Trust     (A)
D08 Minority Shareholder's Suit     (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting     (A)
D11 Enforcement of Restrictive Covenant  (F)
D12 Dissolution of a Partnership     (F)
D13 Declaratory Judgment, G.L. c. 231A  (A)
D14 Dissolution of a Corporation     (F)
D99 Other Equity Action     (F)

### PA Civil Actions Involving Incarcerated Party ‡

PA1 Contract Action involving an
    Incarcerated Party     (A)
PB1 Tortious Action involving an
    Incarcerated Party     (A)
PC1 Real Property Action involving an
    Incarcerated Party     (F)
PD1 Equity Action involving an
    Incarcerated Party     (F)
PE1 Administrative Action involving an
    Incarcerated Party     (A)

### TR Torts

B03 Motor Vehicle Negligence - Personal
    Injury/Property Damage     (F)
B04 Other Negligence - Personal
    Injury/Property  Damage     (F)
B05 Products Liability     (A)
B06 Malpractice - Medical     (A)
B07 Malpractice - Other     (A)
B08 Wrongful Death - Non-medical   (A)
B15 Defamation     (A)
B19 Asbestos     (A)
B20 Personal Injury - Slip & Fall     (F)
B21 Environmental     (F)
B22 Employment Discrimination     (F)
BE1 Fraud, Business Torts, etc.     (A)
B99 Other Tortious Action     (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential     (X)
S02 Summary Process - Commercial/
    Non-residential     (F)

### RP Real Property

C01 Land Taking     (F)
C02 Zoning Appeal, G.L. c. 40A   (F)
C03 Dispute Concerning Title     (F)
C04 Foreclosure of a Mortgage   (X)
C05 Condominium Lien & Charges   (X)
C99 Other Real Property Action   (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding   (X)
E97 Prisoner Habeas Corpus     (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
    G.L. c. 30A     (X)
E03 Certiorari Action, G.L. c. 249, § 4  (X)
E05 Confirmation of Arbitration Awards  (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9  (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8  (X)
E08 Appointment of a Receiver     (X)
E09 Construction Surety Bond, G.L. c. 149,
    §§ 29, 29A     (A)
E10 Summary Process Appeal     (X)
E11 Worker's Compensation     (X)
E16 Auto Surcharge Appeal     (X)
E17 Civil Rights Act, G.L. c.12, § 11H  (A)
E24 Appeal from District Court
    Commitment, G.L. c.123, § 9(b)  (X)
E94 Forfeiture, G.L. c. 265, § 56     (X)
E95 Forfeiture, G.L. c. 94C, § 47     (F)
E99 Other Administrative Action     (X)
Z01 Medical Malpractice - Tribunal only,
    G.L. c. 231, § 60B     (F)
Z02 Appeal Bond Denial     (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b)  (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | _F_ | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND**
**ACCURATELY, THE CASE MAY BE DISMISSED.**

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2381CV00868 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Roberta Biscan, Parent Of Connor Biscan et al vs. Town Of Wilmington et al | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |
|---|---|

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                            DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/26/2023 | |
| Response to the complaint filed (also see MRCP 12) | | 07/24/2023 | |
| All motions under MRCP 12, 19, and 20 | 07/23/2023 | 08/22/2023 | 09/21/2023 |
| All motions under MRCP 15 | 05/20/2024 | 06/17/2024 | 06/17/2024 |
| All discovery requests **and depositions** served and non-expert depositions completed | 03/14/2025 | | |
| All motions under MRCP 56 | 04/14/2025 | 05/13/2025 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/10/2025 |
| Case shall be resolved and judgment shall issue by | | | 03/24/2026 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 03/27/2023 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 03-27-2023 11:27:03                                                                                    SCV026\ 08/2018

# 3

## ACCEPTANCE OF SERVICE OF PROCESS

Service of process and of the complaint by which the action was commenced is accepted

on behalf of the following defendants.

1. Jessica Talbot

Dated: 5/23/23

**RECEIVED**
5/24/2023

Respectfully submitted,

The Defendant,
Jessica Talbot,
By Her Attorney,

Christopher P. Cifra (BBO # 643835)
CIFRA DOUGAN, LLP
One Mountain Road
Burlington, MA 01803
(617) 939-9529
ccifra@cgdllaw.com

# 4

## ACCEPTANCE OF SERVICE OF PROCESS

Service of process and of the complaint by which the action was commenced is accepted

on behalf of the following defendants.

1. TOWN OF WILMINGTON,
2. ALICE BROWN-LEGRAND
3. PAUL RUGGIERO,
4. CHARLOTTE KING
5. GLENN BRAND

**RECEIVED**
5/24/23

~~Plaintiffs~~, *Defendants*
By their attorney

/s/ *Adam Simms*

Adam Simms, Esq., BBO# 632617
PIERCE DAVIS PERRITANO
10 Post Office Square, Suite 1100N
Boston, Massachusetts 02109
(617) 350-0950
asimms@piercedavis.com

Dated: *May 19, 2023*

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2381CV00868

Roberta Biscan, Parent
of Connor Biscan et al PLAINTIFF(S),

v.

Town of Wilmington , DEFENDANT(S)
et al



**RECEIVED**
5/24/2023

### SUMMONS

THIS SUMMONS IS DIRECTED TO Victoria Fitzgerald . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Court, 200 trade center, Woburn (address), by mail or in person, **AND**
    MA, 01801

    b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 6 Beacon St Suite 1020 Boston, MA 02108

3.  **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

SR

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on ___4|19___, 20_23_.

_____
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

**Middlesex Sheriff's Office** • 40 Brick Kiln Rd. Chelmsford, MA 01824 • 617-547-1171
**Middlesex, ss.**

May 4, 2023

I hereby certify and return that on 5/2/2023 at 10:10 AM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, TRACKING ORDER in this action in the following manner: To wit, by leaving at the last and usual place of abode of VICTORIA FITZGERALD, 6 CHANDLER Road WILMINGTON, MA 01887 . Fees: Attest ($5.00) Basic Service Fee ($20.00) Postage and Handling ($3.00) Travel ($3.20) Conveyance ($3.90) Total: $35.10

_____
Deputy Sheriff   Robb Delleo

_____, 20___

6

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2381CV00868

Robert Biscan, Parent of , PLAINTIFF(S),
  Connor Biscan et al

v.

Town of Wilmington, DEFENDANT(S)
  et al

**RECEIVED**

5/24/2023

### SUMMONS

THIS SUMMONS IS DIRECTED TO Kimberly Cummings . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Middlesex Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Court,
        200 Trade Center
        Woburn, MA 01801
        (address), by mail or in person, **AND**

    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: 6 Beacon St Suite 1020 Boston, MA 02108

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

SR

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on ___4|19___, 20**23**.

_____
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

**Middlesex Sheriff's Office** • 40 Brick Kiln Rd. Chelmsford, MA 01824 • 617-547-1171
**Middlesex, ss.**

May 4, 2023

I hereby certify and return that on 5/2/2023 at 10:20 AM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, TRACKING ORDER in this action in the following manner: To wit, by leaving at the last and usual place of abode of KIMBERLY CUMMINGS, 24 MILLER Road WILMINGTON, MA 01887 . Fees: Attest ($5.00) Basic Service Fee ($20.00) Postage and Handling ($3.00) Travel ($3.20) Conveyance ($3.90) Total: $35.10

_____
**Robb Delleo**

**Deputy Sheriff**

, 20____

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868



## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
C.A. NO. 2381-CV-00868

ROBERTA BISCAN et al.,
    *Plaintiffs,*

VS.

TOWN OF WILMINGTON et al.,
    *Defendants.*

### NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that a Notice of Removal, a true and correct copy of which is attached

hereto as Exhibit 1, was filed by the defendants Town of Wilmington, Alice Brown-Legrand, Paul

Ruggiero, Charlotte King, and Glenn Brand in the office of the Clerk of the United States District

Court for the District of Massachusetts on May 25, 2023, relative to the removal and transfer of

the above-captioned action. The Certified Notice of Removal from the Clerk of the United States

District Court for the District of Massachusetts is attached hereto as Exhibit 2.



FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 2 6 2023

CLERK

Date Filed: 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

Respectfully submitted,

The Defendants,

TOWN OF WILMINGTON, ALICE BROWN-
LEGRAND, PAUL RUGGIERO, CHARLOTTE
KING, AND GLENN BRAND

By their attorneys

**PIERCE, DAVIS & PERRITANO, LLP**

*/s/ Justin L. Amos*

_____

Adam Simms, BBO #632617
Justin L. Amos, BBO #697232
Collen M. Howard, BBO #710250
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
asimms@piercedavis.com
jamos@piercedavis.com
choward@piercedavis.com

Dated: May 26, 2023

## CERTIFICATE OF SERVICE

I, Justin L. Amos, certify that on May 26, 2023, a true copy of the aforementioned document was served via electronic mail on all counsel of record.

*/s/ Justin L. Amos*

_____

Justin L. Amos, Esq.

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERTA BISCAN et al., | ) |
|     *Plaintiffs*, | ) |
| | ) |
| VS. | ) |
| | )    C.A. NO. 1:23-cv-11170 |
| TOWN OF WILMINGTON et al., | ) |
|     *Defendants*. | ) |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**
**28 U.S.C. § 1441(a)**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Petitioners, Town of Wilmington (the "Town"), Alice Brown-Legrand, Paul Ruggiero, Charlotte King, and Glenn Brand (the "Town officials") respectfully petition this Honorable Court, pursuant to 28 U.S.C. § 1441(a), for removal of the above-entitled action to the United States District Court for the District of Massachusetts, Civil Section, from the Superior Court of the Commonwealth of Massachusetts in and for the County of Middlesex, and for its Notice of Removal states as follows:

    1.    The Town officials are named as defendants by the plaintiffs, Roberta Biscan, (individually and as parent of C.B.),[1] Jennifer and Aaron Baptista (individually and as parents of N.B.), Sabrina Veloza (individually and as parent of R.C. 1), Kathryn Marsh and Mark Chmiel (individually and as parents of R.C. 2), Colleen and Joseph Lavorato (individually and as parents of C.L.), Nicolette Doucette and Rosario Lofaro (individually and as parents of A.F.), Jeanette and Richard Luti (individually and as parents of J.L.), Cassandra Nichols (individually and as parent of G.S.), Erika Mellstrom and Clifton Clark, III (individually and as parents of C.C.), and Sabrina

---

[1]    The Town officials use a pseudonym in place of the named student plaintiffs due to their ages and/or incapacitations. The Town officials have also redacted the exhibits attached hereto.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868 Case 1:23-cv-11170-NMG   Document 1   Filed 05/25/23   Page 2 of 4

and Allen Fucile (individually and as parents of R.F.) (collectively the "plaintiffs") in a civil action filed in the Superior Court of the Commonwealth of Massachusetts in and for the County of Middlesex, entitled <u>Roberta Biscan et al. vs. Town of Wilmington, et al.</u>, Middlesex Superior Court, C.A. No. 2381-CV-00868. By agreement, on May 19, 2023, undersigned counsel accepted service of the Summons and Complaint on behalf of the Town and Town officials.  Copies of the Complaint and the undersigned's Acceptance of Service are attached hereto as <u>Exhibits</u> "1" and "2," respectively. The Town officials have not yet answered or otherwise responded to said Summons and Complaint. There are no pending motions.

2.      This is a suit of a wholly civil nature brought in a Massachusetts state court. The action is pending in the Superior Court of the Commonwealth of Massachusetts in and for the County of Middlesex and, accordingly, under 28 U.S.C. § 101 and § 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

3.      In Count II of their Complaint, the plaintiffs allege that the Town violated 42 U.S.C. § 1983. In Count III of their Complaint, the plaintiffs allege that the Town violated 749 U.S.C. § 504. In Count VI, the plaintiffs alleged that the Town officials violated 42 U.S.C. § 1983.

4.      Additionally, Counts VII, X, XI, and XIV each allege claims arising under the laws of the United States against defendants Kimberly Cummings, Victoria Fitzgerald, Jessica Talbot, and Kelly Foggerty.

5.      Because Counts II, III, VI, VII, X, XI, and XIV of this civil action arise under the Constitution and laws of the United States, the United States District Court has original jurisdiction under 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Counts I, IV, V, VIII, IX, XII-XVII of this civil action under 28 U.S.C. § 1367(a).

Case 1:23-cv-11170-NMG   Document 11   Filed 05/31/23   Page 65 of 113

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868   Case 1:23-cv-11170-NMG   Document 1   Filed 05/25/23   Page 3 of 4

7.      The Town officials are filing this Notice of Removal within thirty days of service of the Summons and Complaint, within thirty days of the date this action became removable, and within the time for filing this petition. See 28 U.S.C. § 1446(b)(1).

8.      The Town officials will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Middlesex.

9.      Pursuant to Local Rule 81.1(a), the Town officials shall request of the Clerk of the Superior Court of Massachusetts, County of Middlesex, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein and shall file the same with this Court within thirty days after the filing of this Notice of Removal.

10.     All defendants who have been properly joined and served in this matter join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

**WHEREFORE**, the petitioners, Town of Wilmington, Alice Brown-Legrand, Paul Ruggiero, Charlotte King, and Glenn Brand, pray that the above-entitled action now pending in the Superior Court of the Commonwealth of Massachusetts in and for Norfolk County be removed from that Court to this United States District Court.

Case 1:23-cv-11170-NMG   Document 11   Filed 05/31/23   Page 66 of 113

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868   Case 1:23-cv-11170-NMG   Document 1   Filed 05/25/23   Page 4 of 4

Respectfully submitted,

The Defendants,

TOWN OF WILMINGTON, ALICE BROWN-LEGRAND, PAUL RUGGIERO, CHARLOTTE KING, AND GLENN BRAND,

By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Justin L. Amos*

Adam Simms, BBO #632617
Justin L. Amos, BBO #697232
Collen M. Howard, BBO #710250
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
asimms@piercedavis.com
jamos@piercedavis.com
choward@piercedavis.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on May 25, 2023.

*/s/ Justin L. Amos*

Justin L. Amos, Esq.

4

Case 1:23-cv-11170-NMG   Document 11   Filed 05/31/23   Page 67 of 113

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00866 Case 1:23-cv-11170-NMG   Document 1-1   Filed 05/25/23   Page 1 of 37

# EXHIBIT 1

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss**                              **MIDDLESEX SUPERIOR COURT**
                                              **CIVIL ACTION NO.  2381CV00868**

---

**ROBERTA BISCAN, INDIVIDUALLY**
**AND AS PARENT OF** ▮▮▮ C.B ▮▮▮

**JENNIFER BAPTISTA AND AARON BAPTISTA, INDIVIDUALLY**
**AND AS PARENTS OF** ▮▮▮ N.B. ▮▮▮

**SABRINA VELOZA, INDIVIDUALLY**
**AND AS PARENT OF** ▮▮▮ R.C. 1 ▮▮▮

**KATHRYN MARSH AND MARK CHMIEL, INDIVIDUALLY**
**AND AS PARENTS OF** ▮▮▮ R.C. 2 ▮▮▮

**COLLEEN LAVORATO AND JOSEPH LAVORATO, INDIVIDUALLY**
**AND AS PARENTS OF** ▮▮▮ C.L. ▮▮▮

**NICOLETTE DOUCETTE AND ROSARIO LOFARO, INDIVIDUALLY**
**AND AS PARENTS** ▮▮▮ A.F. ▮▮▮

**JEANNETTE LUTI AND RICHARD LUTI, INDIVIDUALLY**
**AND AS PARENTS OF** ▮▮▮ J.L. ▮▮▮

**CASSANDRA NICHOLS, INDIVIDUALLY**
**AND AS PARENT OF** ▮▮▮ G.S. ▮▮▮ ,

**ERIKA MELLSTROM and CLIFTON CLARK, III, INDIVIDUALLY**
**AND AS PARENTS OF** ▮▮▮ C.C. ▮▮▮

**SABRINA FUCILE and ALLEN FUCILE, INDIVIDUALLY**
**AND AS PARENTS OF** ▮▮▮ R.F. ▮▮▮
        **Plaintiffs**

**vs.**

**TOWN OF WILMINGTON,**
**KIMBERLY CUMMINGS, VICTORIA FITZGERALD, JESSICA TALBOT,**
**KELLY FOGGERTY, ALICE BROWN-LEGRAND, PAUL RUGGIERO,**
**CHARLOTTE KING AND GLENN BRAND**
        **Defendants**

---

## COMPLAINT AND DEMAND FOR JURY

### INTRODUCTION

1.  This action, against the TOWN OF WILMINGTON, KIMBERLY CUMMINGS, VICTORIA FITZGERALD, JESSICA TALBOT, KELLY FOGGERTY, ALICE BROWN-LEGRAND, PAUL RUGGIERO, CHARLOTTE KING, and GLENN BRAND, arises out of multiple incidents in which each of the plaintiffs, all of whom are severely disabled students, were physically and mentally abused while attending school in the Wilmington public schools. Plaintiffs seek relief through various federal, constitutional, and common law tort claims.

### PARTIES

2.  Plaintiff, ███C.B███, a minor, by ROBERTA BISCAN, his mother and next friend (hereinafter referred to as "██C.B██"), is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

3.  Plaintiff, ROBERTA BISCAN, individually, brings this lawsuit as parent of her incapacitated son, ██C.B██ pursuant to Massachusetts General Laws Chapter 231, Section 85X. She is an individual residing in Wilmington, Middlesex County, Massachusetts.

4.  Plaintiff, ████N.B.████, a minor, by JENNIFER BAPTISTA, his mother and next friend (hereinafter referred to as "██N.B.██"), is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

5.  Plaintiffs, JENNIFER BAPTISTA and AARON BAPTISTA, individually, bring this lawsuit as parents of their incapacitated son, ██N.B.██ pursuant to Massachusetts General

Laws Chapter 231, Section 85X. They are individuals residing in Wilmington, Middlesex County, Massachusetts.

6.    Plaintiff, **R.C. 1**, a minor, by SABRINA VELOZA, his mother and next friend (hereinafter referred to as "**R.C. 1**"), is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

7.    Plaintiff, SABRINA VELOZA, individually, brings this lawsuit as parent of her incapacitated son, **R.C. 1**, pursuant to Massachusetts General Laws Chapter 231, Section 85X. She is an individual residing in Wilmington, Middlesex County, Massachusetts.

8.    Plaintiff **R.C. 2**, a minor, by KATHRYN MARSH, his mother and next friend (hereinafter referred to as "**R.C. 2**"), is a resident of Shirley, Middlesex County, Commonwealth of Massachusetts.

9.    Plaintiffs, KATHRYN MARSH, an individual residing in Shirley, Middlesex County, Massachusetts and MARK CHMIEL, an individual residing in Ayer, Middlesex County, Massachusetts, bring this lawsuit as parents of their incapacitated son, **R.C. 2** pursuant to Massachusetts General Laws Chapter 231, Section 85X.

10.    Plaintiff, **C.L.**, a minor, by COLLEEN LAVORATO, her mother and next friend (hereinafter referred to as "**C.L.**"), is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

11.    Plaintiffs, COLLEEN LAVORATO and JOSEPH LAVORATO, individually, bring this lawsuit as parents of their incapacitated daughter, **C.L.** pursuant to Massachusetts General Laws Chapter 231, Section 85X. They are individuals residing in Wilmington, Middlesex County, Massachusetts.

12.    Plaintiff, ████ A.F. ████, a minor, by NICOLETTE DOUCETTE,  his mother

and next friend (hereinafter referred to as "██ A.F. ██"), is a resident of Wilmington,

Middlesex County, Commonwealth of Massachusetts.

13.    Plaintiffs, NICOLETTE DOUCETTE and ROSARIO LOFARO, individually, bring this

lawsuit as parents of their incapacitated son, ████ A.F. ████ pursuant to Massachusetts

General Laws Chapter 231, Section 85X.  They are individuals residing in Wilmington,

Middlesex County, Massachusetts.

14.    Plaintiff, ████ J.L. ████, an incapacitated person, by his legal guardian JEANNETTE

LUTI, is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

15.    Plaintiff, JEANNETTE LUTI and RICHARD LUTI, individually, bring this lawsuit as

parents of their incapacitated son, ██ J.L. ██ pursuant to Massachusetts General Laws

Chapter 231, Section 85X. They are individuals residing in Wilmington, Middlesex

County, Massachusetts.

16.    Plaintiff, ████ G.S. ████, a minor, by CASSANDRA NICHOLS, his mother and

next friend (hereinafter referred to as ██ G.S. ██), is a resident of Wilmington, Middlesex

County, Commonwealth of Massachusetts.

17.    Plaintiff, CASSANDRA NICHOLS, individually, brings this lawsuit as parent of her

incapacitated son, ████ G.S. ████ pursuant to Massachusetts General Laws Chapter 231,

Section 85X.  She is an individual residing in Wilmington, Middlesex County,

Massachusetts.

18.    Plaintiff, ████ C.C. ████, a minor, by his mother and next friend ERIKA

MELLSTROM, is a resident of Wilmington, Middlesex County, Commonwealth of

Massachusetts.

19. Plaintiffs, ERIKA MELLSTROM and CLIFTON CLARK, III, individually, bring this lawsuit as parents of their incapacitated son, ██████ C.C. ██████, pursuant to Massachusetts General Laws Chapter 231, Section 85X. They are individuals residing in Wilmington, Middlesex County, Massachusetts.

20. Plaintiff, ██████ R.F. ██████, a minor, by his mother and next friend, SABRINA FUCILE, is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts.

21. Plaintiff, SABRINA FUCILE and ALLEN FUCILE, individually, bring this lawsuit as parents of their incapacitated daughter, ██████ R.F. ██ pursuant to Massachusetts General Laws Chapter 231, Section 85X. They are individuals residing in Wilmington, Middlesex County, Massachusetts.

22. Defendant, TOWN OF WILMINGTON, is a body politic and corporate duly organized under the laws of the Commonwealth of Massachusetts, with a principal place of business of 121 Glen Road, Wilmington, Middlesex County, Commonwealth of Massachusetts.

23. The Town of Wilmington is responsible for the administration of the Wildwood School which is a public elementary school within and for the Town of Wilmington

24. Defendant KIMBERLY CUMMINGS (hereinafter "Cummings") is an individual residing at 24 Miller Road, Wilmington, Middlesex County, Commonwealth of Massachusetts.

25. Cummings was employed as a teacher for the Town of Wilmington from 2003 through 2021. Cummings was assigned to classroom 7 at the Wildwood School for seventeen years and Shawsheen School for one year in 2005. Her employment ended in May 2021 after DCF began its investigation.

26.   Defendant, VICTORIA FITZGERALD (hereinafter "Fitzgerald"), is an individual

residing at 6 Chandler Road, Wilmington, Middlesex County, Commonwealth of

Massachusetts.

27.   Defendant Fitzgerald was employed as an assistant teacher at the Wildwood School from

February 2017 through May 2021. Her employment ended after DCF began its

investigation. Fitzgerald worked with Cummings in Classroom 7 at Wildwood School

throughout her employment.

28.   Defendant KELLY FOGGERTY (hereinafter "Foggerty") is an individual with an

address unknown to the Plaintiffs.

29.   Foggerty was employed as a teacher for the Town of Wilmington at the Wildwood

School for all times relevant hereto.

30.   Defendant, JESSICA TALBOT (hereinafter "Talbot"), is an individual with an address

unknown to the Plaintiffs.

31.   Talbot was employed as an assistant teacher for the Town of Wilmington at the

Wildwood School for all times relevant hereto. Talbot worked with Foggerty at

Wildwood School for all times relevant hereto.

32.   Defendant, ALICE BROWN-LEGRAND (hereinafter "Legrand"), is an individual

residing at 65 Sandalwood Circle, Tewksbury, Middlesex County, Massachusetts.

33.   Legrand was employed as the Director of Special Education for the Town of Wilmington,

at all times relevant hereto.

34.   Defendant, CHARLOTTE KING (hereinafter "King"), is an individual residing at an

address unknown to the Plaintiffs.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

35.    KING was employed as the principal at Wildwood School for the Town of Wilmington from 2014 through 2021. Her employment ended after DCF began its investigation.

36.    Defendant, GLENN BRAND (hereinafter "Brand"), is an individual residing at an address unknown to the Plaintiffs.

37.    Brand was the superintendent for the public schools in and for the Town of Wilmington from in or about 2018 through the current date.

38.    Defendant, PAUL RUGGIERO (hereinafter "Ruggiero"), is an individual residing at 47 Forest Street, Wilmington, Middlesex County, Massachusetts.

39.    Ruggiero was the interim superintendent for the public schools in and for the Town of Wilmington at times relevant hereto.

### FACTS COMMON TO ALL CLAIMS

40.    The powers, duties and liabilities of Wildwood School and Shawsheen School are vested in and exercised by the Town of Wilmington.

41.    At all times relevant to this action, Defendant, Town of Wilmington, employed all school staff, faculty, counselors, principals and superintendents at Wildwood School and Shawsheen School.

42.    At all times relevant to this action, Wildwood School and Shawsheen School employees were acting under the color of law, under the color of their authority as Town of Wilmington employees, and within the scope of their employment with the Town of Wilmington.

43.    At all times relevant to this action, Cummings, Fitzgerald, Foggerty, Talbot and Legrand were under the disciplinary authority of King, Brand, Ruggiero and the Town of Wilmington.

Case 1:23-cv-11170-NMG   Document 11   Filed 05/31/23   Page 75 of 113

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868 Case 1:23-cv-11170-NMG   Document 1-1   Filed 05/25/23   Page 9 of 37

44.    At all times relevant to this action, King was under the disciplinary authority of Brand, Ruggiero and the Town of Wilmington.

45.    At all times relevant to this action, Brand and Ruggiero were under the disciplinary authority of the Town of Wilmington.

46.    In 2005, Cummings physically abused and neglected J.L. resulting in broken blood vessels in J.L. eyes. Cummings used poor judgment in her application of ABA teaching, was not truthful with the student's parents, and refused to allow the student to go to the school nurse to address the broken blood vessels.

47.    The Town of Wilmington's school district failed to properly address this complaint with the student's parents for over two months.

48.    Between 2008 and 2013, Cummings was observed by other Wildwood School staff members to have inappropriate and potentially harmful physical interactions with the pre-kindergarten and kindergarten students in her classroom, including using her foot to move non-verbal students across the floor, physically handling students in a rough manner and pulling students up by the underarms.

49.    Staff members reported these incidents to school administrators.

50.    In 2014 Cummings was suspended for five days without pay for falsifying data to the then principal. She was suspended for inefficiency, incompetency, conduct unbecoming a teacher, insubordination and other just causes.

51.    From 2016 through 2021, Cummings was physically and verbally abusive to N.B. R.C. 1, R.C. 2 C.L.    A.F.    C.C. and R.F. These actions include:

   a.    used harsh language and bullied students in her classroom;

   b.    screamed at the students;

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

    c.  pulled students by the back of their sweatshirts;

    d.  emptied students' water bottles to prevent them from drinking and urinating in the classroom;

    e.  ate the students' snacks;

    f.  withheld snacks from the students;

    g.  grabbed students by their wrist and dragged them to "time-out";

    h.  grabbed students by their wrist and dragged them to the nurse's office;

    i.  used forceful physical prompts;

    j.  forcefully put students onto their chairs;

    k.  ignored children when they cried in distress.

52.    In 2020, Cummings was suspended without pay after she pushed a pre-kindergarten student's elbow off the table in a way that the child could have fallen, denied the child water and did not follow that child's individualized education plan (hereinafter "IEP"). Cummings was suspended for incompetency, conduct unbecoming a teacher and other just cause.

53.    Although Cummings attended safety training, she did not complete certain parts of that training.

54.    Fitzgerald was present in classroom 7 from 2017 through 2021 and observed Cummings commit the above stated abuses. Fitzgerald failed to take any action to stop the abuse. Fitzgerald failed to report any of the above stated abuse to the Department of Children and Families (hereinafter "DCF") as is required by law.

55.    The school district failed and refused to report any of the above abuses to DCF as is required by law.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

56.    School staff members reported the abuse committed by Cummings to the school district, including King, Legrand, Ruggiero and Brand.

57.    Legrand, King, Ruggiero and Brand were informed by various staff members and/or parents that Cummings had committed the above stated abuse but Legrand, King, Ruggiero and Brand  failed to report the abuse to DCF.

58.    Legrand, King, Ruggiero and Brand failed to impose appropriate disciplinary action against Cummings including requiring her to obtain retraining to correct her abusive behavior.

**R.C. 1**

59.    In March 2021, **R.C. 1** was a three-year-old boy with autistic spectrum disorder including severe language impairment.

60.    **R.C. 1** attended Wildwood School in a preschool class from September 2020 through March 2021. **R.C. 1** was placed in classroom 7 where Cummings was the primary teacher and Fitzgerald was the assistant teacher.

61.    Shortly after entering classroom 7, **R.C. 1** began kicking, refusing to go into classroom 7 and throwing tantrums in the hallway. He regressed with his disabilities and was not happy.

62.    **R.C. 1** came home from school with bruising thumbprint in size and shaped like fingerprints on his thighs which were consistent with someone holding him down by the legs. He also arrived home with bruising from his waist to his feet. He also had bumps on his head. On one occasion he came home in girls pants.

63.    **R.C. 1**'s parents reported their concerns regarding Cummings' abusive behavior to the school administration, specifically including King.

pg. 10

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

64.   As a result of Cummings' behavior, R.C.1 regressed in many of his disability related
      issues.

65.   After R.C.1's parents removed R.C.1 from Cummings' classroom, R.C.1's regressions
      ceased and he began making significant improvements.

66.   R.C.1 has suffered severe physical and emotional distress, including feelings of anxiety.

67.   Sabrina Veloza has suffered a loss of parental consortium, causing severe emotional
      distress, including feelings of shame, anxiety and guilt.

N.B.

68.   In February 2021, N.B. was a six-year-old boy with autistic spectrum disorder
      including severe language impairment.

69.   N.B. attended Wildwood School in a preschool class from January 2018 through
      September 2020. During this time, he loved school. He did well in school and he made
      steady positive progress.

70.   In September 2020, N.B. was moved to classroom 7 at Wildwood School. Shortly after
      being transferred to classroom 7, N.B. began to resist going to school. He regressed
      with his disabilities and was not happy.

71.   In February 2021, Cummings injured N.B.'s wrists while dragging him. Following this
      incident, N.B.'s pediatrician filed a complaint with DCF.

72.   On May 4, 2021, Cummings again physically injured N.B. N.B.'s pediatrician noted
      three ½ inch linear patterned yellow dotted bruises on N.B.'s lower back.

73.   N.B. would often say "no school, teacher hurt me". N.B. appeared traumatized when
      his parents brought him to classroom 7 and was reluctant to enter the classroom. N.B.
      would crumble into a ball when his parents mentioned the word "teacher".

74. N.B. 's parents consistently reported their concerns regarding Cummings' abusive
behavior to the school administration, specifically including King and Brand.

75. As a result of Cummings' behavior, N.B. often came home from school hungry, had
increased staring spells, had increased emotional lability, had agitated behaviors, and had
sleep difficulties and nightmares.

76. After Cummings was removed from classroom 7, N.B. 's unresponsive staring stopped,
his regressions ceased and he began making significant improvements.

77. N.B. continues to undergo trauma therapy to cope with Cummings' abusive behavior.
N.B. has suffered severe physical and emotional distress, including feelings of anxiety.

78. Jennifer Baptista and Aaron Baptista have suffered a loss of parental consortium, causing
severe emotional distress, including feelings of shame, anxiety and guilt.

**R.C. 2**

79. In April 2021, R.C. 2 was a five-year-old boy with autistic spectrum disorder including
severe language impairment.

80. R.C. 2 has attended Wilmington Schools since he was three years old. Prior to March
2021, he generally enjoyed school and was making progress with his disabilities and with
general learning.

81. In or about March 29, 2021, R.C. 2 was assigned to classroom 7 at Wildwood School.
Within the first week of being in classroom 7, R.C. 2 came home stating that he did not
like school and did not want to go back.

82. Cummings regularly pulled R.C. 2 by the wrist and physically placed him in "time-out".
On or about April 2, 2021, Cummings grabbed R.C. 2 by the wrist and left bruises
consistent with finger marks on top of R.C. 2 's wrists. On or about April 30, 2021,

Cummings grabbed ▮R.C. 2▮ by the wrist and again left bruises consistent with finger marks on top of ▮R.C. 2▮'s wrists.

83.  Cummings' actions caused ▮R.C. 2▮ physical pain. ▮R.C. 2▮ demonstrated how Cummings hurt his arm to the school adjustment counselor.

84.  After being placed in classroom 7, ▮R.C. 2▮ became more physically aggressive.

85.  On or about May 3, 2021, ▮R.C. 2▮'s mother reported these incidents to the Wilmington Superintendent's Office.

86.  ▮R.C. 2▮ has suffered severe physical and emotional distress, including feelings of anxiety.

87.  Kathryn Marsh and Mark Chmiel have suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

**▮A.F.▮**

88.  In September 2016, ▮A.F.▮ was a five-year-old boy with an autistic spectrum disorder including severe language impairment.

89.  ▮A.F.▮ attended Wilmington Schools since 2015. He generally enjoyed school and was making progress with his disabilities and with general learning.

90.  In or about September 2016 ▮A.F.▮ was assigned to classroom 7 at Wildwood School. Within a couple of months, ▮A.F.▮ became physically aggressive at home and refused to go to school.

91.  Cummings failed and refused to follow ▮A.F.▮ IEP.

92.  ▮A.F.▮ was sent to school every day with multiple outfits and pull-ups due to his toileting issues. Cummings failed to put a pull-up on ▮A.F.▮ causing him to soil his clothing. Cummings would make him wear girl's pants despite the fact that he had clean pants of his own to wear.

93.    ▮A.F.▮ parents removed ▮R.F.▮ from classroom 7 in the Summer of 2017. After he
was removed, ▮A.F.▮ made steady progress in school.

94.    ▮A.F.▮ has suffered severe physical and emotional distress, including feelings of
anxiety.

95.    Nicolette Doucette and Rosario Lofaro have suffered a loss of parental consortium,
causing severe emotional distress, including feelings of shame, anxiety and guilt.

▮C.L.▮

96.    In October 2014, ▮C.L.▮ was a three-year-old girl with autistic spectrum disorder
including severe language impairment.

97.    ▮C.L.▮ began pre-school in September 2014. At that time, ▮C.L.▮ was in a classroom where
Foggerty was the teacher.

98.    Foggerty was verbally and physically abusive to ▮C.L.▮

99.    ▮C.L.▮ came home from school with marks and bruises on her body and face. On October
23, 2014 she came home with a bump on her forehead. On October 28, 2014, she came
home with swollen lips. On November 13, 2014, she came home with cuts to her eye
socket. On November 17, 2014, she came home with scratches on her neck. ▮C.L.▮ 's
anxiety increase dramatically during this time.

100.    In or about 2016, ▮C.L.▮ began kindergarten in classroom 7 at Wildwood School.

101.    Cummings was verbally and physically abusive to ▮C.L.▮ When ▮C.L.▮ became emotional
or upset and began to cry, Cummings yelled at her to knock it off. Cummings used harsh
language and bullied ▮C.L.▮

102.    At times, Cummings refused to give ▮C.L.▮ her lunch. ▮C.L.▮ would often come home
from school hungry despite the fact that ▮C.L.▮ went to school with sufficient food.

Case 1:23-cv-11170-NMG   Document 1-1   Filed 05/25/23   Page 16 of 37

103.    **C.L.** mother made multiple complaints to King, Legrand, Ruggiero and the School Committee regarding Foggerty and Cummings' abusive behavior. **C.L.** mother requested that King, Legrand and Ruggiero file complaints with DCF, but they refused. **C.L.** mother filed her own complaint with DCF on March 30, 2018.

104.    **C.L.** parents removed **C.L.** from classroom 7 and the Wildwood School out of concern for her safety.

105.    **C.L.** parents had to hire an attorney to force the Town Wilmington to provide **C.L.** with an out-of-district placement.

106.    During this period of time, **C.L.** did not have a school to go to. It was an extremely stressful and emotional time for **C.L.** and her parents.

107.    Once in the new out-of-district school, **C.L.** started to receive incredible services and made progress in disability related issues and general learning.

108.    As a result of Foggerty and Cummings' actions, **C.L.** suffers from PTSD, panic attacks and anxiety. **C.L.** has suffered severe physical and emotional distress, including feelings of anxiety.

109.    Colleen Lavorato and Joseph Lavorato have suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

**J.L.**

110.    In August 2005, **J.L.** was an eight-year-old boy with autistic spectrum disorder including severe language impairment.

111.    In August 2005, **J.L.** was in a classroom at Shawsheen School and Cummings was his primary teacher.

pg. 15

112.   In August 2005 Cummings put ▮J.L.▮ in a chair, pushed him tight up against a table and sat directly behind him. Cummings would not let ▮J.L.▮ move for almost an hour. Cummings grabbed ▮J.L.▮ under the arms several times, forcing him to sit up. During this time, ▮J.L.▮ was screaming. As a result of this incident, ▮J.L.▮ developed broken blood vessels in his eyes. An assistant teacher asked Cummings to send ▮J.L.▮ to the school nurse to be seen for his eyes, but Cummings refused to allow this to happen. Cummings was not truthful with ▮J.L.▮ parents regarding the broken blood vessels.

113.   The Town of Wilmington's school district failed to properly address this complaint with ▮J.L.▮ parents for over two months.

114.   ▮J.L.▮ parents removed ▮J.L.▮ from Cummings' class.

115.   ▮J.L.▮ has suffered severe physical and emotional distress, including feelings of anxiety.

116.   Jeanette Luti and Richard Luti have suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

▮C.B▮

117.   In May 2010, ▮C.B▮ was a five-year-old boy with autistic spectrum disorder including severe language impairment.

118.   ▮C.B▮ attended Wildwood School's pre-school program from September 2007 through June 2009. During this time period, ▮C.B▮ enjoyed school and made great strides in his vocabulary.

119.   In September 2009, ▮C.B▮ started kindergarten in classroom 7. After the first week, ▮C.B▮ came home from school crying. He did not want to go back to school. He kept saying that his teacher was mean.

Case 1:23-cv-11170-NMG   Document 11   Filed 05/31/23   Page 84 of 113

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868    Case 1:23-cv-11170-NMG   Document 1-1   Filed 05/25/23   Page 18 of 37

120.    Cummings would grab ▇C.B▇ in an aggressive manner. ▇C.B▇ came home from school on multiple occasions with bruises and scratches on his face and back. He also had bruises on his side and legs.

121.    On one occasion, ▇C.B▇ came home with a large bruise in the area of his tailbone. ▇C.B▇ told his mother that Cummings had pushed him.

122.    ▇C.B▇ s mother reported the abuse to the schools administration, but no action was taken.

123.    In February 2010, ▇C.B▇ 's parents demanded that the school transfer ▇C.B▇ away from Cummings out of concern for his safety. In March 2010, ▇C.B▇ was moved to a different classroom.

124.    ▇C.B▇ has suffered severe physical and emotional distress, including feelings of anxiety.

125.    Roberta Biscan has suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

▇G.S.▇

126.    In March 2020, ▇G.S.▇ was a three-year-old boy with autistic spectrum disorder including severe language impairment.

127.    At all times relevant hereto, ▇G.S.▇ was in a classroom where Foggerty was the teacher and Talbot was an assistant teacher.

128.    In 2019 and 2020, Talbot physically abused ▇G.S.▇ Talbot squeezed ▇G.S.▇ s arms and neck hard enough to cause pain to ▇G.S.▇ Talbot hurt ▇G.S.▇ when she rubbed ▇G.S.▇ chest (similar to a sternum rub).

129.    ▇G.S.▇ mother reported her concerns to King but King failed to report the matter to DCF or to impose any disciplinary action on Talbot.

pg. 17

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

130. **G.S.** has suffered severe physical and emotional distress, including feelings of anxiety.

131. Cassandra Nichols has suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

**C.C.**

132. In October 2018, **C.C.** was a three-year-old boy with autistic spectrum disorder including severe language impairment.

133. **C.C.** attended Wildwood School's pre-school program from October 2018 through September 2019. During this time period, **C.C.** enjoyed school.

134. In September 2019, **C.C.** was moved to classroom 7. **C.C.** was physically and emotionally abused by Cummings.

135. Cummings failed to prompt **C.C.** to get up and throw away his lunch. Cummings left **C.C.** sitting at a table for over thirty minutes despite the fact that **C.C.** was obviously upset.

136. Cummings sharply pushed **C.C.** elbows off the table, while his chin was resting in his hands, causing **C.C.** chin to strike the table. Cummings yelled at **C.C.** to sit up, grabbed **C.C.** chair and sharply pushed it in. Cummings ignored **C.C.** request to use the bathroom. Cummings refused to allow **C.C.** to go to his inclusion class as was required under his individualized education plan (hereinafter "IEP"). Throughout this ordeal, **C.C.** was crying and saying he did not know what to do while Cummings ignored him for hours.

137. The above incident was reported to King by an assistant teacher. Cummings was suspended for a few days. King did not report this incident to DCF or require any retraining.

138.  In September 2020, ███C.C.███ was transferred to a different room with a different teacher. After this transfer, ███C.C.███ began making great progress with his disability issues and his education.

139.  ███C.C.███ has suffered physical and emotional distress.

140.  Erika Mellstrom and Clifton Clark, III have suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

███R.F.███

141.  In March 2020, ███R.F.███ was a five-year-old girl with autistic spectrum disorder including severe language impairment.

142.  ███R.F.███ attended Wildwood School in classroom 7.  Cummings would grab and slam ███R.F.███ down in a chair and then ignore ███R.F.███ as she cried. ███R.F.███ came home from school with bruising on her buttock.

143.  On at least one occasion, Cummings grabbed ███R.F.███ took her to a chair, slammed her down in the chair and ignored her as ███R.F.███ screamed.

144.  ███R.F.███ parents attempted to talk to the Superintendent about these issues, but he failed and refused to return their call.

145.  ███R.F.███ has suffered severe physical and emotional distress, including feelings of anxiety.

146.  Sabrina Fucile and Allen Fucile have suffered a loss of parental consortium, causing severe emotional distress, including feelings of shame, anxiety and guilt.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00866

## COUNT I - Negligence



C.B     ,   N.B.   ,   R.C. 1   ,   R.C. 2   ,   C.L.   ,   A.F.
,   J.L.   ,   G.S.   ,   C.C.   **and**   R.F.

**v.**

## Town of Wilmington

147.   Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

148.   Defendant Town of Wilmington owed a duty to exercise reasonable care for the protection of the Plaintiffs against misconduct and inappropriate conduct and/or contact by Cummings, Foggerty and Talbot.

149.   Based on the conduct described above, Defendant Town of Wilmington was aware or should have been aware of the fact that Cummings, Foggerty and Talbot were subjecting their students to physical and emotional abuse which posed safety risks to the students.

150.   Based on the conduct described above, Defendant Town of Wilmington was aware or should have been aware of the fact that Fitzgerald was allowing Cummings to subject her students to physical and emotional abuse which posed safety risks to the students.

151.   Defendant Town of Wilmington breached that duty by negligently failing to train, supervise, and otherwise failing to make scheduling and staffing decisions to ensure that all students were not emotionally and physically abused and received proper supervision.

152.   Defendant Town of Wilmington, through its administrators and staff, including Defendants Fitzgerald, King, Legrand, Ruggiero and Brand, failed to supervise Cummings, Foggerty and Talbot in a manner to prevent and discover Cummings, Foggerty and Talbot's physical and emotional abuse.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

153. Presentment of this claim was made pursuant to Massachusetts General Laws, Chapter 258 §4.

154. By its actions, Defendant Town of Wilmington is the direct and proximate cause of the physical and emotional abuse endured by the Plaintiffs.

155. As a direct and proximate result of the foregoing, Plaintiffs suffered and continue to suffer physical injury, indignity, humiliation, severe emotional distress, and mental anguish.

WHEREFORE, the Plaintiffs demand judgment against Defendant Town of Wilmington for all compensatory damages recoverable; costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT II – 42 U.S.C. §1983



C.B , N.B. , R.C. 1 , R.C. 2 , C.L. , A.F. , J.L. , G.S. , C.C. and R.F.

**v.**

**Town of Wilmington**

156. Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

157. Defendant Town of Wilmington acted by and through its agents.

158. Defendant Town of Wilmington violated the Plaintiffs' rights as residents of the United States pursuant to 42 U.S.C. §1983 and §1988.

159. Defendant Town of Wilmington had a duty to exercise reasonable care in the selection and retention of employees and to provide and ensure an educational environment for the Plaintiffs that was free from physical and emotional abuse and to enforce the regulations, rules, and laws necessary to protect the Plaintiffs and other students from acts of physical and emotional abuse of Cummings, Foggerty and Talbot.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00866

160. Defendant Town of Wilmington failed to properly train and supervise employees and/or discipline them in order to avoid physical and emotional abuse and inadequate supervision.

161. By these failures, Defendant the Town of Wilmington adopted, approved, and/or enforced a policy, practice, and custom tolerating the violation of constitutional rights.

162. The affirmative acts of the Defendant Town of Wilmington, including, but not limited to, its implementation of customs, practices and/or policies that resulted in a failure to properly train and supervise its employees regarding required procedures for investigating and responding to reports of abuse, were the moving force and/or direct causal link to the physical and emotional abuse suffered by the Plaintiffs and were so extreme and egregious as to shock the conscience.

163. Defendant Town of Wilmington intentionally, willfully, and without justification deprived Plaintiffs of their rights, privileges, and immunities secured to them by the Constitution and the laws of the United States, including but not limited to, their rights to due process and to be free from physical and emotional abuse as provided by the Fourteenth Amendment of the Constitution, in violation of 42 U.S.C. §1983.

164. As a direct and proximate result of the foregoing, Plaintiffs suffered and continue to suffer physical injury, indignity, humiliation, severe emotional distress, and mental anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendant Town of Wilmington for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

pg. 22

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00866

### COUNT III - 794 U.S.C. §504



C.B       ,       N.B.       ,       R.C. 1       ,       R.C. 2       ,       C.L.       ,       A.F.
,       J.L.       G.S.       ,       C.C.       and       R.F.

v.

**Town of Wilmington**

165. Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

166. 794 U.S.C. § 504 requires recipients of federal funding to provide an appropriate education to all qualified handicapped persons who are in the recipient's jurisdiction, regardless of the nature or severity of the person's handicap.

167. Defendant Town of Wilmington is a recipient of federal financial assistance, including federal financial assistance provided to its schools, special education departments, and Section 504 programs.

168. Recipients of federal financial assistance must provide regular or special education and related aids and services designed to meet the individual educational needs of disabled persons so that the needs of disabled persons are adequately met and may not discriminate on the basis of disability in providing these services.

169. Pursuant to 29 U.S.C. § 794, Defendant Town of Wilmington, by and through its staff, are required to establish and maintain procedures to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of Free and Appropriate Public Education ("FAPE").

170. Defendant Town of Wilmington, by and through its staff, grossly and substantially departed from accepted professional judgment, practice, or standards when they did not

Case 1:23-cv-11170-NMG   Document 11   Filed 05/31/23   Page 91 of 113

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868 Case 1:23-cv-11170-NMG   Document 1-1   Filed 05/25/23   Page 25 of 37

provide the Plaintiffs with protection from physical and emotional abuse and proper

supervision.

171.    Defendant Town of Wilmington, through its staff, intentionally and deliberately failed

and refused to implement proper accommodations despite their obligation to do so and

instead allowed Plaintiffs to be abused by Kimberly Cummings, Kelly Foggerty and

Jessica Talbot.

172.    Defendant Town of Wilmington, through its staff, further discriminated against Plaintiffs

by treating the Plaintiffs differently than their non-disabled peers.

173.    As a direct and proximate result of Defendant Town of Wilmington's deliberate and

intentional actions and violations as described above, Plaintiffs were denied access to

their education in violation of 794 U.S.C. § 504.

174.    As a direct and proximate result of Defendant Town of Wilmington's discriminatory

actions, Plaintiffs suffered physical injury, indignities, humiliation, severe emotional

distress and mental anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendant Town of Wilmington
for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees,
costs and expenses allowable; and any and all other relief as the Court deems just and proper.

### COUNT IV - M.G.L. Chapter 93 §103



C.B , N.B. , R.C. 1 , R.C. 2 , C.L. , A.F. , J.L. , G.S. , C.C. and R.F.

**v.**

**Town of Wilmington, Kimberly Cummings, Victoria Fitzgerald, Kelly Foggerty, Jessica
Talbot, Alice Brown-Legrand, Paul Ruggiero, Charlotte King and Glenn Brand**

175.    Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

176.   Each and all of the Defendants violated Plaintiffs rights as handicapped persons in the

Commonwealth of Massachusetts to the full and equal benefit of all laws and proceedings

for the security of persons, including, but not limited to, the rights secured under Article

CXIV of the Amendments to the Constitution, and pursuant to G.L. c. 93, §103.

177.   Each of the Defendants intentionally and deliberately failed and refused to implement

proper accommodations despite their obligation to do so and instead allowed Plaintiffs to

be physically and emotionally abused by Kimberly Cummings, Kelly Foggerty and

Jessica Talbot, depriving them of the full and equal benefit of all laws and constitutional

rights.

178.   As a direct and proximate result of the foregoing, Plaintiffs suffered and continue to

suffer physical injury, indignity, humiliation, severe emotional distress, and mental

anguish.

WHEREFORE, the Plaintiffs, demand judgment against each of the Defendants for all
compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs
and expenses allowable; and any and all other relief as the Court deems just and proper.

**COUNT V - Intentional Infliction of Emotional Distress**



**v.**

**Town of Wilmington, Kimberly Cummings, Victoria Fitzgerald, Kelly Foggerty, Jessica
Talbot, Alice Brown-Legrand, Paul Ruggiero, Charlotte King and Glenn Brand**

179.   Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

180.   Each and all of the Defendants intended to inflict emotional distress or, they knew or

should have known that emotional distress was the likely result of their conduct, when

pg. 25

they physically and emotionally abused or allowed others to physically and emotionally abuse the Plaintiffs.

181. Defendants' conduct in physically and emotionally abusing or allowing others to physically and emotionally abuse disabled students in their care was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

182. Defendants conduct caused the Plaintiffs distress of a nature so severe that no reasonable person could be expected to endure it.

183. As a direct and proximate result of Defendants' actions, the Plaintiffs suffered physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiffs demand judgment against each Defendant for all compensatory damages recoverable; all costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT VI - 42 U.S.C. §1983



C.B. , N.B. , R.C. 1 , R.C. 2 , C.L. , A.F. , J.L. G.S. , C.C. and R.F.

v.

**Charlotte King, Alice Brown-Legrand, Paul Ruggiero and Glenn Brand**

184. Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

185. At all material times, Defendants King, Legrand, Ruggiero and Brand had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline the Defendants Cummings, Fitzgerald, Foggerty and Talbot as well as all other employees and agents of Wildwood School.

pg. 26

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

186.    Defendants King, Legrand, Foggerty and Brand failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Cummings, Fitzgerald, Foggerty, Talbot and other employees of the Wildwood School, with deliberate indifference to the Plaintiffs' constitutional rights, which were thereby violated as described above.

187.    As supervisors, Defendants King, Legrand, Ruggiero and Brand, each permitted and failed to prevent the unconstitutional acts of Defendants Cummings, Fitzgerald, Foggerty and Talbot, individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights and serious needs of the Plaintiffs. Each of these supervising Defendants either directed his or her subordinates in conduct that violated the Plaintiffs' rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive the Plaintiffs of rights, or knew his or her subordinates were engaging in acts likely to deprive the Plaintiffs of rights and failed to act to prevent his or her subordinate from engaging in such conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate the Plaintiffs rights, and in fact did cause the violation of the Plaintiffs rights. Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' obvious violations of the Plaintiffs' rights.

188.    The unconstitutional customs, policies, practices, and/or procedures of Defendant Town of Wilmington, stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendant Town of Wilmington, including Defendants King, Legrand, Ruggiero and Brand, with deliberate indifference to the Plaintiffs' and others' constitutional rights, which were thereby violated as described above.

pg. 27

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

189. The unconstitutional actions and/or omissions of Defendants Cummings, Fitzgerald, Foggerty and Talbot, as described above, were approved, tolerated, and/or ratified by policymaking officers for the Town of Wilmington, including Defendants King, Legrand, Ruggiero and Brand.

190. The details of the above-described incidents were revealed to Defendants King, Legrand, Ruggiero and Brand.

191. Notwithstanding this knowledge, Defendants King, Legrand, Ruggiero and Brand have approved and ratified the conduct and decisions of Defendants Cummings, Fitzgerald, Foggerty and Talbot in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them.

192. By so doing, Defendants King, Legrand, Ruggiero and Brand have shown affirmative agreement with Defendants Cummings, Fitzgerald, Foggerty and Talbot's actions and have ratified their unconstitutional acts.

193. These customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants Cummings, Fitzgerald, Foggerty and Talbot were a moving force and/or a proximate cause of the deprivations of the Plaintiffs' clearly established and well-settled constitutional rights in violation of 42 U.S.C.A. § 1983, as more fully set forth above.

194. Defendants King, Legrand, Ruggiero and Brand subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with

Case 1:23-cv-11170-NMG   Document 11   Filed 05/31/23   Page 96 of 113

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00866   Case 1:23-cv-11170-NMG   Document 1-1   Filed 05/25/23   Page 30 of 37

conscious and reckless disregard for whether the rights and safety of Plaintiffs would be violated by their acts and/or omissions.

195.   As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants King, Legrand, Ruggiero and Brand as described above, the Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorneys' fees.

196.   As a direct and proximate result of the foregoing, the Plaintiffs suffered and continue to suffer physical injury, indignity, humiliation, severe emotional distress, and mental anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendants Charlotte King, Alice Brown-Legrand, Paul Ruggiero and Glenn Brand for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT VII - 42 U.S.C. § 1983



C.B , N.B. , R.C. 1 , R.C. 2 , C.L. , A.F. and J.L. , C.C. and Fucile
v.
**Kimberly Cummings**

197.   Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

198.   Defendant Cummings, while acting under color of law, physically and emotionally abused the Plaintiffs and thereby violated their clearly established rights under the Fourteenth Amendments to the United States Constitution.

199.   Defendant Cummings acted with reckless disregard for Plaintiffs' constitutional rights.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00866

200.   As a direct and proximate result of Defendant Cummings discriminatory actions, the

Plaintiffs suffered physical injury, indignities, humiliation, severe emotional distress and

mental anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendant Kimberly Cummings
for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees,
costs and expenses allowable; and any and all other relief as the Court deems just and proper.

### COUNT VIII - Assault and Battery



v.

### Kimberly Cummings

201.   Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

202.   Defendant Cummings committed the tort of assault and battery against the Plaintiffs by

assaulting and battering them without legal justification, cause, excuse, or privilege.

203.   As a direct and proximate result of Defendant Cummings' actions, Plaintiffs suffered

physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiffs demand judgment against Defendant Kimberly Cummings
for all compensatory damages recoverable; all attorney's fees, costs and expenses allowable; and
any and all other relief as the Court deems just and proper.

### COUNT IX - Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I



v.

### Kimberly Cummings

204.   Each of the foregoing paragraphs is incorporated as if fully set forth herein.

205.   By means of use of threats, intimidation and coercion, defendant Cummings violated the

civil rights of the Plaintiffs under the laws of the Commonwealth of Massachusetts.

206.  As a direct and proximate result of Defendant Cummings' actions, Plaintiffs suffered

physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendant Kimberly Cummings
for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees,
costs and expenses allowable; and any and all other relief as the Court deems just and proper.

### COUNT X - 42 U.S.C. § 1983



**v.**

**Victoria Fitzgerald**

207.  Plaintiffs reallege and incorporate herein the allegations contained in each and every

other paragraph of this Complaint.

208.  Defendant Fitzgerald, while acting under color of law, stood by and allowed Defendant

Cummings to physically and emotionally abuse the Plaintiffs and thereby violated their

clearly established rights under the Fourteenth Amendment to the United States

Constitution.

209.  Defendant Fitzgerald acted with reckless disregard for the Plaintiffs' constitutional rights.

210.  As a direct and proximate result of the foregoing, Plaintiffs suffered and continue to

suffer physical injury, indignity, humiliation, severe emotional distress, and mental

anguish.

WHEREFORE, the Plaintiffs, demand judgment against Defendant Victoria Fitzgerald
for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees,
costs and expenses allowable; and any and all other relief as the Court deems just and proper.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

## COUNT XI - 42 U.S.C. § 1983

### ████ G.S. ████ v. Jessica Talbot

211.  Plaintiffs reallege and incorporate herein the allegations contained in each and every
other paragraph of this Complaint.

212.  Defendant Talbot, while acting under color of law, physically and emotional abused the
Plaintiff and thereby violated his clearly established rights under the Fourteenth
Amendments to the United States Constitution.

213.  Defendant Talbot acted with reckless disregard for Plaintiff's constitutional rights.

214.  As a direct and proximate result of Defendant Talbot's discriminatory actions, the
Plaintiff suffered physical injury, indignity, humiliation, severe emotional distress and
mental anguish.

WHEREFORE, the Plaintiff, demands judgment against Defendant Jessica Talbot for all
compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs
and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT XII - Assault and Battery

### ████ G.S. ████ v. Jessica Talbot

215.  Plaintiffs reallege and incorporate herein the allegations contained in each and every
other paragraph of this Complaint.

216.  Defendant Talbot committed the tort of assault and battery against the Plaintiff by
assaulting and battering him without legal justification, cause, excuse, or privilege.

217.  As a direct and proximate result of Defendant Talbot's actions, Plaintiff suffered physical
injury, indignities, humiliation, severe emotional distress and mental anguish.

Case 1:23-cv-11170-NMG   Document 11   Filed 05/31/23   Page 100 of 113

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868 Case 1:23-cv-11170-NMG   Document 1-1   Filed 05/25/23   Page 34 of 37

WHEREFORE, the Plaintiff, demands judgment against Defendant Jessica Talbot for all compensatory damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT XIII - Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I

**G.S.**  v. Jessica Talbot

218.   Plaintiffs reallege and incorporate herein the allegations contained in each and every

   other paragraph of this Complaint.

219.   By means of use of threats, intimidation and coercion, defendant Talbot violated the civil

   rights of the Plaintiff under the laws of the Commonwealth of Massachusetts.

220.   As a direct and proximate result of Defendant Talbot's actions, Plaintiff suffered physical

   injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiff, demands judgment against Defendant Jessica Talbot for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

## COUNT XIV - 42 U.S.C. § 1983
**C.L.**  v. Kelly Foggerty

221.   Plaintiffs reallege and incorporate herein the allegations contained in each and every

   other paragraph of this Complaint.

222.   Defendant Foggerty, while acting under color of law, physically and emotional abused

   the Plaintiff and thereby violated her clearly established rights under the Fourteenth

   Amendments to the United States Constitution.

223.   Defendant Foggerty acted with reckless disregard for Plaintiff's constitutional rights.

224.   As a direct and proximate result of Defendant Foggerty's discriminatory actions, the

   Plaintiff suffered physical injury, indignity, humiliation, severe emotional distress and

   mental anguish.

Case 1:23-cv-11170-NMG   Document 11   Filed 05/31/23   Page 101 of 113
Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868   Case 1:23-cv-11170-NMG   Document 1-1   Filed 05/25/23   Page 35 of 37

WHEREFORE, the Plaintiff, demands judgment against Defendant Foggerty for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

### COUNT XV - Assault and Battery

**C.L.** v. Kelly Foggerty

225.   Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

226.   Defendant Foggerty committed the tort of assault and battery against the Plaintiff by assaulting and battering her without legal justification, cause, excuse, or privilege.

227.   As a direct and proximate result of Defendant Foggerty's actions, Plaintiff suffered physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiff, demands judgment against Defendant Kelly Foggerty for all compensatory damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

### COUNT XVI - Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I

**C.L.** v. Kelly Foggerty

228.   Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

229.   By means of use of threats, intimidation and coercion, defendant Kelly Foggerty violated the civil rights of the Plaintiff under the laws of the Commonwealth of Massachusetts.

230.   As a direct and proximate result of Defendant Kelly Foggerty's actions, Plaintiff suffered physical injury, indignities, humiliation, severe emotional distress and mental anguish.

WHEREFORE, the Plaintiff, demands judgment against Defendant Kelly Foggerty for all compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs and expenses allowable; and any and all other relief as the Court deems just and proper.

pg. 34

## COUNT XVII – Loss of Consortium under M.G.L. c. 231, § 85X

**Roberta Biscan, Jennifer Baptista, Aaron Baptista, Sabrina Veloza, Kathryn Marsh, Mark Chmiel, Colleen Lavorato, Joseph Lavorato, Nicolette Doucette, Rosario Lofaro, Jeannette Luti, Richard Luti, Cassandra Nichols, Erika Mellstrom, Clifton Clark, III, Sabrina Fucile and Allen Fucile**

**v.**

**Town of Wilmington, Kimberly Cummings, Victoria Fitzgerald, Kelly Foggerty, Jessica Talbot, Alice Brown-Legrand, Paul Ruggiero, Charlotte King and Glenn Brand**

231.   Plaintiffs reallege and incorporate herein the allegations contained in each and every other paragraph of this Complaint.

232.   Plaintiff Roberta Biscan is the parent of ███ C.B ███, an intellectually disabled child who is totally dependent on his parent for support.

233.   Plaintiffs Jennifer Baptista and Aaron Baptista are the parents of ███ N.B. ███, an intellectually disabled child who is totally dependent on his parents for support.

234.   Plaintiff Sabrina Veloza is the parent of ███ R.C. 1 ███, an intellectually disabled child who is totally dependent on his parent for support.

235.   Kathryn Marsh and Mark Chmiel are the parents of ███ R.C. 2 ███, an intellectually disabled child who is totally dependent on his parents for support.

236.   Plaintiffs Colleen Lavorato and Joseph Lavorato are the parents of ███ C.L. ███, an intellectually disabled child who is totally dependent on her parents for support.

237.   Plaintiffs Nicolette Doucette and Rosario Lofaro are the parents of ███ A.F. ███, an intellectually disabled child who is totally dependent on his parents for support.

238.   Plaintiffs Jeannette Luti and Richard Luti are the parents of ███ J.L. ███, an intellectually disabled child who is totally dependent on his parents for support.

239.   Plaintiff Cassandra Nichols is the parent of ███ G.S. ███, an intellectually disabled child who is totally dependent on his parent for support.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

240.    Plaintiffs Erika Mellstrom and Clifton Clark, III are the parents of ███ C.C. ███ an

intellectually disabled child who is totally dependent on his parents for support.

241.    Plaintiffs Sabrina Fucile and Allen Fucile are the parents of ███ R.F. ███, an

intellectually disabled child who is totally dependent on his parents for support.

242.    In accordance with M.G.L. c. 231, § 85X, Plaintiffs each have a cause of action for loss

of consortium of their child, against each of the Defendants who are responsible for

causing their injury.

WHEREFORE, the Plaintiffs, demand judgment against each of the Defendants for all
compensatory damages recoverable; all punitive damages recoverable; all attorney's fees, costs
and expenses allowable; and any and all other relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS.**

Plaintiffs,
By their attorney


/s/ Richard M. Welsh, Jr.
Richard M. Welsh, Jr., Esq., BBO# 552732
LAW OFFICE OF HOWARD M. KAHALAS
6 Beacon Street, Suite 1020
Boston, Massachusetts 02108
(617) 523-1155
rwelsh@kahalaslaw.com

March 23, 2023

# EXHIBIT 2

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                              MIDDLESEX SUPERIOR COURT
                                          CIVIL ACTION NO.

ROBERTA BISCAN, INDIVIDUALLY
AND AS PARENT OF ██████ C.B. ██████

JENNIFER BAPTISTA AND AARON BAPTISTA, INDIVIDUALLY
AND AS PARENTS OF ██████ N.B. ██████

SABRINA VELOZA, INDIVIDUALLY
AND AS PARENT OF ██████ R.C. 1 ██████

KATHRYN MARSH AND MARK CHMIEL, INDIVIDUALLY
AND AS PARENTS OF ██████ R.C. 2 ██████

COLLEEN LAVORATO AND JOSEPH LAVORATO, INDIVIDUALLY
AND AS PARENTS OF ██████ C.L. ██████

NICOLETTE DOUCETTE AND ROSARIO LOFARO, INDIVIDUALLY
AND AS PARENTS ██████ A.L. ██████

JEANNETTE LUTI AND RICHARD LUTI, INDIVIDUALLY
AND AS PARENTS OF ██████ J.L. ██████

CASSANDRA NICHOLS, INDIVIDUALLY
AND AS PARENT OF ██████ G.S. ██████

ERIKA MELLSTROM and CLIFTON CLARK, III, INDIVIDUALLY
AND AS PARENTS OF ██████ C.C. ██████

SABRINA FUCILE and ALLEN FUCILE, INDIVIDUALLY
AND AS PARENTS OF ██████ R.F. ██████
        Plaintiffs

vs.

TOWN OF WILMINGTON,
KIMBERLY CUMMINGS, VICTORIA FITZGERALD, JESSICA TALBOT,
KELLY FOGGERTY, ALICE BROWN-LEGRAND, PAUL RUGGIERO,
CHARLOTTE KING AND GLENN BRAND
        Defendants

pg. 1

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

### ACCEPTANCE OF SERVICE OF PROCESS

Service of process and of the complaint by which the action was commenced is accepted

on behalf of the following defendants.

1. TOWN OF WILMINGTON,
2. ALICE BROWN-LEGRAND
3. PAUL RUGGIERO,
4. CHARLOTTE KING
5. GLENN BRAND

~~Plaintiffs,~~ *Defendants*
By their attorney

/s/ *Adam Simms*

Adam Simms, Esq., BBO# 632617
PIERCE DAVIS PERRITANO
10 Post Office Square, Suite 1100N
Boston, Massachusetts 02109
(617) 350-0950
asimms@piercedavis.com

Dated: *May 19, 2023*

pg. 2

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Roberta Biscan, et al.

**(b)** County of Residence of First Listed Plaintiff   Middlesex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard M. Welsh, Jr., Esq., BBO# 552732
6 Beacon Street, Suite 1020
Boston, MA 02108/(617) 523-1155

## DEFENDANTS

Town of Wilmington, et al.

County of Residence of First Listed Defendant   Middlesex
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Adam Simms, Esq. BBO# 632617
Justin L. Amos, Esq. BBO# 697232
10 Post Office Sq Ste N1100

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| | ☐ 340 Marine | Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | Injury | ☐ 380 Other Personal Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. s. 1983, 749 U.S.C. s. 504

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:   JUDGE _____   DOCKET NUMBER _____

DATE
May 25, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Justin L. Amos

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions.</u>

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.   Title of case (name of first party on each side only) Roberta Biscan, Individually and as Parent of C.B. et al. v. Town of Wilmington et al.

2.   Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☑ | II. | 110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899. |
| ☐ | III. | 120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
*Also complete AO 120 or AO 121. for patent, trademark or copyright cases. |

3.   Title and number, if any, of related cases.   (See local rule 40.1(g)).   If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

None

4.   Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐   NO ☑

5.   Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

YES ☐   NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐   NO ☐

6.   Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐   NO ☑

7.   Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☑   NO ☐

A.   If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☑      Central Division ☐      Western Division ☐

B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐      Central Division ☐      Western Division ☐

8.   If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?   (If yes, submit a separate sheet identifying the motions)

YES ☐   NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Adam Simms & Justin L. Amos

ADDRESS 10 Post Office Square, Suite 1100N, Boston, MA 02109

TELEPHONE NO. 617-350-0950

(CategoryForm11-2020.wpd )

Case 1:23-cv-11170-NMG   Document 11   Filed 05/31/23   Page 110 of 113

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868   Case 1:23-cv-11170-NMG   Document 1   Filed 05/25/23   Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

Date: 05/25/2023

| | |
|---|---|
| ROBERTA BISCAN et al., | ) |
| *Plaintiffs,* | ) |
| | ) |
| VS. | ) |
| | )    C.A. NO. 1:23-cv-11170 |
| TOWN OF WILMINGTON et al., | ) |
| *Defendants.* | ) |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
28 U.S.C. § 1441(a)**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

Petitioners, Town of Wilmington (the "Town"), Alice Brown-Legrand, Paul Ruggiero,

Charlotte King, and Glenn Brand (the "Town officials") respectfully petition this Honorable Court,

pursuant to 28 U.S.C. § 1441(a), for removal of the above-entitled action to the United States

District Court for the District of Massachusetts, Civil Section, from the Superior Court of the

Commonwealth of Massachusetts in and for the County of Middlesex, and for its Notice of

Removal states as follows:

1.    The Town officials are named as defendants by the plaintiffs, Roberta Biscan,

(individually and as parent of C.B.),[1] Jennifer and Aaron Baptista (individually and as parents of

N.B.), Sabrina Veloza (individually and as parent of R.C. 1), Kathryn Marsh and Mark Chmiel

(individually and as parents of R.C. 2), Colleen and Joseph Lavorato (individually and as parents

of C.L.), Nicolette Doucette and Rosario Lofaro (individually and as parents of A.F.), Jeanette and

Richard Luti (individually and as parents of J.L.), Cassandra Nichols (individually and as parent

of G.S.), Erika Mellstrom and Clifton Clark, III (individually and as parents of C.C.), and Sabrina

---

[1]    The Town officials use a pseudonym in place of the named student plaintiffs due to their
ages and/or incapacitations. The Town officials have also redacted the exhibits attached hereto.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868

and Allen Fucile (individually and as parents of R.F.) (collectively the "plaintiffs") in a civil action filed in the Superior Court of the Commonwealth of Massachusetts in and for the County of Middlesex, entitled <u>Roberta Biscan et al. vs. Town of Wilmington, et al.</u>, Middlesex Superior Court, C.A. No. 2381-CV-00868. By agreement, on May 19, 2023, undersigned counsel accepted service of the Summons and Complaint on behalf of the Town and Town officials.  Copies of the Complaint and the undersigned's Acceptance of Service are attached hereto as <u>Exhibits</u> "1" and "2," respectively. The Town officials have not yet answered or otherwise responded to said Summons and Complaint. There are no pending motions.

2.      This is a suit of a wholly civil nature brought in a Massachusetts state court. The action is pending in the Superior Court of the Commonwealth of Massachusetts in and for the County of Middlesex and, accordingly, under 28 U.S.C. § 101 and § 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

3.      In Count II of their Complaint, the plaintiffs allege that the Town violated 42 U.S.C. § 1983. In Count III of their Complaint, the plaintiffs allege that the Town violated 749 U.S.C. § 504. In Count VI, the plaintiffs alleged that the Town officials violated 42 U.S.C. § 1983.

4.      Additionally, Counts VII, X, XI, and XIV each allege claims arising under the laws of the United States against defendants Kimberly Cummings, Victoria Fitzgerald, Jessica Talbot, and Kelly Foggerty.

5.      Because Counts II, III, VI, VII, X, XI, and XIV of this civil action arise under the Constitution and laws of the United States, the United States District Court has original jurisdiction under 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Counts I, IV, V, VIII, IX, XII-XVII of this civil action under 28 U.S.C. § 1367(a).

7.     The Town officials are filing this Notice of Removal within thirty days of service of the Summons and Complaint, within thirty days of the date this action became removable, and within the time for filing this petition.  See 28 U.S.C. § 1446(b)(1).

8.     The Town officials will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Middlesex.

9.     Pursuant to Local Rule 81.1(a), the Town officials shall request of the Clerk of the Superior Court of Massachusetts, County of Middlesex, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein and shall file the same with this Court within thirty days after the filing of this Notice of Removal.

10.    All defendants who have been properly joined and served in this matter join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

**WHEREFORE**, the petitioners, Town of Wilmington, Alice Brown-Legrand, Paul Ruggiero, Charlotte King, and Glenn Brand, pray that the above-entitled action now pending in the Superior Court of the Commonwealth of Massachusetts in and for Norfolk County be removed from that Court to this United States District Court.

Date Filed 5/26/2023 10:14 AM
Superior Court - Middlesex
Docket Number 2381CV00868   Case 1:23-cv-11170-NMG   Document 1   Filed 05/25/23   Page 4 of 4

Respectfully submitted,

The Defendants,

TOWN OF WILMINGTON, ALICE BROWN-LEGRAND, PAUL RUGGIERO, CHARLOTTE KING, AND GLENN BRAND,

By their Attorneys,

**PIERCE DAVIS & PERRITANO** LLP

*/s/ Justin L. Amos*

Adam Simms, BBO #632617
Justin L. Amos, BBO #697232
Collen M. Howard, BBO #710250
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
asimms@piercedavis.com
jamos@piercedavis.com
choward@piercedavis.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on May 25, 2023.

*/s/ Justin L. Amos*

Justin L. Amos, Esq.

4